(22 Misc. Rep. 146.)

JOSPE v. LIGHTE et al.

(Supreme Court, Appellate Term.    December 28, 1897.)

1. VACATING JUDGMENT—ERROR OR MISTAKE.

While the court may, in its discretion, and upon such terms as justice requires, relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect (Code Civ. Proc. § 724), the party seeking relief must have merit in his appeal, and show that injustice might follow a denial of his motion.

2. CONTRACT—FAILURE OF CONSIDERATION.

The plaintiff paid an initial fee or charge of $62 to defendants, to secure the privilege of maintaining a stand on the latter's premises, no term being

specified. After nine months' enjoyment thereof at a monthly rental, he was dispossessed, but how or by whom did not appear. In his action to recover back the $62, *held*, that no basis existed for his claim, either of rescission, or failure of consideration.

Action by Isaac Jospe against William Lighte and Charles Lighte. Motion by plaintiff to open affirmative judgment by default. Denied.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

A. H. Sarasohn, for the motion.

Ennever & Trautmann, opposed.

PER CURIAM. While the court may, in its discretion, and upon such terms as justice requires, relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect (Code Civ. Proc. § 724), the party seeking relief must have merit in his appeal, and show that injustice might follow a denial of his application. It appears that the plaintiff on August 8, 1896, paid to the defendants $62 "for the privilege of fountain and stand situated at 118 Orchard street." The agreement does not express any term. The plaintiff paid in addition a rental of $15 a month, the last payment made being up to April 8, 1897. About April 1, 1897, the plaintiff was in some manner dispossessed, but how or by whom does not clearly appear. He then went to the defendants, and their bookkeeper said he could do nothing in the matter, except to allow him for the rent from April 1st to April 8th. The bookkeeper thereupon paid the plaintiff $3.75, tore up the old receipt to April 8th, which the plaintiff had handed over, and gave the latter a new one, to April 1, 1897. The plaintiff accepted this new receipt and the $3.75, and thereafter brought this action for "money had and received, and breach of contract." He evidently abandoned the breach of contract portion of his complaint, however, because he failed to prove, as an indispensable ground of recovery therefor, any damages whatever, and the action apparently proceeded on the theory of want of consideration or of rescission. As the plaintiff had the uninterrupted use of the property from August 8, 1896, to April 1, 1897, a period of nearly eight months, it cannot be seriously contended that there was a rescission, or such a failure of consideration as to entitle him to the return of the $62; and it was upon this ground that the justice dismissed the complaint. We find no error in the ruling. Aside from this, the excuse offered by the plaintiff for his default is not of that satisfactory character which would warrant us in granting the motion.

Motion denied, without costs.