(25 Misc. Rep. 674.)

### MATTHEWS v. NOBLE et al.

(Supreme Court, Special Term, Oswego County. December 31, 1898.)

1. JUDGES—DISQUALIFICATION—PARTIES TO CONTROVERSY.

    A defendant in partition, who does not answer, but whose rights are determined by the judgment therein on the issues made by the other parties, is a party to the controversy, within Code Civ. Proc. § 46, prohibiting a judge from sitting in a cause where he is related to any party to the controversy within the sixth degree.

2. SAME—DEGREE OF RELATIONSHIP.

    Said provision disqualifies a judge whose relationship is of the sixth degree.

3. JUDGMENTS—VACATING.

Where the trial judge was without jurisdiction, by reason of being related to one of the parties within the prohibited degrees, a proper remedy is by motion to vacate the judgment.

Action by Edson Matthews against Josephine Noble and others for partition. Heard on motion by defendant Noble to set aside a judgment for plaintiff because the trial justice was related within the sixth degree to another defendant. Granted.

Levi H. Brown and Virgil K. Kellogg, for the motion.
Watson M. Rogers, opposed.

WRIGHT, J. This is a partition action. The defendant Matthews was served with the summons and complaint, and also with a copy of the answer of the defendant Josephine Noble, but did not answer, or take any other proceeding in the case. She was, however, pecuniarily interested respecting the extent of her title, in the determination of the issues raised by the other parties. Section 46 of the Code of Civil Procedure provides as follows:

"A judge shall not sit as such in, or take any part in the decision of, a cause or matter * * * if he is related by consanguinity or affinity to any party to the controversy, within the sixth degree."

What are we to understand by the term "controversy," as used in this statute? The plaintiff claims that its signification is limited to the issues formed by the parties who plead, and that it does not include the determination of the interests of any other party to the action, who has been served with the pleading of an adverse party, but does not himself plead, though he is pecuniarily interested in the issue raised by the other parties, for the reason that the result of the issues raised by those who have pleaded will have the effect, also, of determining his rights and interests. "Controversy" has been defined as follows:

"A dispute arising between two or more persons. It differs from case, which includes all suits, criminal as well as civil, whereas controversy is a civil and not a criminal proceeding." 1 Bouv. Law Dict. 309.

One of the definitions of "controversy" is "a lawsuit," as given in the American Encyclopædic Dictionary. The United States constitution (article 3, § 2) declares its judicial power shall extend "to controversies between two or more states; between a state and citizens of another state; between citizens of different states * * * and between a state or citizen thereof and a foreign state, citizen or subject." The United States judiciary act of 1789 (section 13) provides "that the supreme court shall have exclusive jurisdiction of all controversies of a civil nature where a state is a party," except in certain specified cases. See Delafield v. State, 2 Hill, 159, 163.

It is plain that the term "controversy," as used above, is synonymous with "civil action or proceeding at law."

The plaintiff contends that the defendant Abbie Matthews, not having answered and formed an issue, is not a party to the controversy. The object of the statute is to prevent any judicial officer from sitting in judgment and determining the rights of parties in cases wherein a relative within the prescribed degree is a party and is pecuniarily

interested.   In this action the extent of the interest of the defend-
ant Abbie Matthews was passed upon, fixed, and determined by the
verdict on the issues as framed by the other parties.   She was a party
to the action, whose interests and rights were before the judge and
jury for determination; and the fact that those rights and interests
were determined under the forms and issues framed by the pleadings
of the other parties does not make the force of the reason for the pro-
hibitory rule any less than it would have been if she had put in a
formal pleading, joining in the same issues.   The construction urged
by the plaintiff is too narrow, and, if adopted, would often result in
nullifying the plain purpose and intent of the statute.

From the above considerations, it follows that the judge who pre-
sided at the trial of this action had no jurisdiction thereof.   See, also,
Oakley v. Aspinwall, 3 N. Y. 547;  In re Bingham, 127 N. Y. 311, 27
N. E. 1055;  People v. Connor, 142 N. Y. 130, 36 N. E. 807.

This motion to set aside the judgment is a proper remedy.   Kamp
v. Kamp, 59 N. Y. 212;  Jospe v. Lighte, 22 Misc. Rep. 146, 48 N. Y.
Supp. 645.

The plaintiff urges further that the presiding justice, being of the
sixth degree of relationship, is not within the prohibitory rule, and
that, to fall within the disqualification, the justice must be of a less
degree of relationship than the sixth degree.   This contention is not
well founded.

The motion is granted.