In re MATHEWS. (Supreme Court, Appellate Division, Second Department. June 20, 1899.) In the matter of Joseph Greene Mathews, an attorney. No opinion. Matter referred to Hon. Roger A. Pryor, to take proof and report the same, together with his opinion thereon.

MATTHEWS, Appellant, v. NOBLE, Respondent. (Supreme Court, Appellate Division, Fourth Department. March, 1899.) Action by Edson Matthews against Josephine Noble, impleaded with others. No opinion. Order modified, by striking out the provision awarding $10 costs of the motion, and awarding taxable costs and disbursements of both parties on the trial, and, as modified, affirmed, with $10 costs and disbursements to the respondent against the appellant. See 55 N. Y. Supp. 190.

MAY v. CARLETON. (Supreme Court, Appellate Division, First Department. June 16, 1899.) Action by Olive May against Henry G. Carleton. No opinion. Motion granted, without costs.

MERRITT et al., Respondents, v. MERRITT, Appellant. (Supreme Court, Appellate Division, First Department. April 14, 1899.) Action by Helen S. Merritt and another against John Merritt, as executor. Wilmot & Gage, for appellant. G. M. Brooks, for respondents.

PER CURIAM. Motion granted, to the effect stated in memorandum.

MERRITT, Appellant, v. WILSON et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. July 18, 1899.) Action by James M. Merritt against Margaret L. Wilson, as executrix, and Charles R. Wilson, as executor, etc. No opinion. Judgment affirmed, with costs.

MONTAGUE, Respondent, v. LUSTIG, Appellant. (Supreme Court, Appellate Division, Second Department. June 13, 1899.) Action by Charles H. Montague against Arnold Lustig. No opinion. Judgment and order affirmed, with costs.

MORGAN et al., Appellants, v. METROPOLITAN ST. RY. CO., Respondent. (Supreme Court, Appellate Term. July 26, 1899.) Action by Morgan E. Morgan and others against the Metropolitan Street-Railway Company. From a judgment for defendant, plaintiffs appeal. Affirmed. Charles F. Bliss, for appellants. Henry A. Robinson, for respondent.

PER CURIAM. Judgment affirmed, with costs to respondent, and with leave to appellants to appeal to the appellate division.

MORGAN, Appellant, v. WAYNE BUILDING, LOAN & ACCUMULATING FUND ASS'N, Respondent. (Supreme Court, Appellate Term. June 28, 1899.) Action by William H. Morgan against the Wayne Building, Loan & Accumulating Fund Association. There was a judgment for defendant, and plaintiff appeals. Affirmed. Sproull, Harmer & Sproull, for appellant. Fleming & Shroup, for respondent.

FREEDMAN, P. J. This action was brought by the plaintiff to recover the surrender value of certain shares of the stock of the defendant association held by the plaintiff. It was conceded on the trial that the value of the stock was $158, and that the plaintiff filed a proper notice of withdrawal with the defendant. The plaintiff was a voluntary member of the defendant corporation, and the by-laws of the association provide that withdrawing members shall be paid in the order of the filing of notices of withdrawal. The appellant contends that the defendant has violated that condition of the by-laws, and has paid a large number of the shareholders the value of their shares, who had filed notices of withdrawal subsequent to the filing of the notice by the plaintiff. The appellant also claims that the defendant had discontinued doing business, and had become insolvent, and that, upon such a condition being shown, the plaintiff had a right to recover a judgment against the defendant for the value of the shares owned by him. The position taken by the plaintiff would necessarily require an investigation into the management and condition of the defendant association, in order to ascertain whether it was solvent or insolvent; and in the case at bar the plaintiff sought to establish that fact, and, against the objections of the defendant, was allowed to introduce testimony which, he claims, showed bad faith in the management of the affairs of the association, and that the defendant was not a going corporation, and was insolvent. Without deciding the question whether, in an action of this kind, the plaintiff had a right to test the solvency of the corporation, and the condition of its affairs in connection therewith, it is sufficient for the decision of this appeal to say that those questions were met by the testimony on the part of the defendant, and that there was a conflict of evidence upon the issues of fact thus created, which was decided by the court below in favor of the defendant. The burden of proof was upon the plaintiff, and he failed to sustain it. We see no reason for a reversal of the judgment. Judgment affirmed, with costs to respondent. All concur.

NATIONAL TRADING CO., Respondent, v. NEW YORK BRICK & PAVING CO., Appellant. (Supreme Court, Appellate Division, First Department. June 23, 1899.) Action by the National Trading Company against the New York Brick & Paving Company. J. B. Nash, for appellant. B. N. Cardozo, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.