## ELMIRA REALTY CO. v. GIBSON et al.

(Supreme Court, Appellate Division, Third Department. March 29, 1905.)

1. JUDGMENT—VALIDITY—RELATIONSHIP OF JUDGE TO PARTY.

Where a judge is related within the sixth degree to one of the parties in a cause tried before him, the relationship renders the judgment absolutely void.

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Judges, §§ 208, 209.]

2. SAME—RELIEF—MOTION.

Where a judgment is void by reason of the relationship of the judge to one of the parties, the judgment may, on motion, be set aside by the court in which the judgment is granted.

3. SAME—APPEAL—DISMISSAL.

Where a judgment appealed from is void for the want of jurisdiction, the better practice is to dismiss the appeal, remitting the parties to a motion in the court below to rid themselves, if need be, of the judgment in that court, rather than grant reversal.

4. SAME—COSTS.

Where all the parties were ignorant, at the time of the rendition of the judgment, of the actual disqualification of the judge because of his distant relationship to one of the parties, a dismissal of an appeal from the judgment will be without costs.

Appeal from Chemung County Court.

Action by the Elmira Realty Company against Judson A. Gibson and others. From a judgment affirming a judgment of the City Court of Elmira for plaintiff, defendants appeal. Dismissed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

J. A. Gibson, Frederick H. Farr, and J. John Hassett, for appellants. Swartwood & Personious, for respondent.

PER CURIAM. Upon this appeal the certificate of the county judge is presented to the effect that he is related within the sixth degree to one of the defendants herein. This relationship renders absolutely void the judgment appealed from. The appellants ask for a reversal of the judgment upon this ground, the respondent for a dismissal of the appeal.

It has been held in cases where the court from which the appeal has been taken has no jurisdiction of the subject-matter of the action that the appellate court has jurisdiction to reverse the judgment. McMahon v. Rauhr, 47 N. Y. 67. It would seem, however, that in such a case either party might make application to the court in which the judgment was rendered for a vacation of that judgment as void. Kamp v. Kamp, 59 N. Y. 212. Where the judgment is void by reason of the relationship of the court to one of the parties to the action, the judgment may, upon motion, be set aside by the court in which the judgment is granted. Oakley v. Aspinwall, 3 N. Y. 547; Matthews v. Noble, 25 Misc. Rep. 674, 55 N. Y. Supp. 190. We are referred to no case where a judgment has been reversed for lack of jurisdiction where such lack of jurisdiction does not appear upon the record upon the appeal. Whether or not the court would have

power to reverse upon the appearance, apart from the record, of a fact rendering the judgment void for want of jurisdiction, we think the better practice would be to dismiss this appeal, remitting the parties to a motion in the court below to rid themselves, if need be, of the void judgment in that court.

As it appears that all parties were ignorant of the actual disqualification at the time of the rendition of the judgment, the appeal should be dismissed without costs.