THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALFRED THAYER, Defendant.

(County Court, Chemung County, December, 1908.)

Criminal Procedure: New trial — Misconduct or irregularities affecting jury:   Saving   questions   for   review — Necessity — Necessity   of objections — Competency of jurors or court.

> The Code of Criminal Procedure provides a complete system of challenging and makes it a statutory requirement that any objection to a particular juror on the ground that he is disqualified must be taken before the juror is sworn.

> Where the defendant in a criminal action did not avail himself of the privilege of challenging a particular juror as authorized by the provisions of the Code of Criminal Procedure, he cannot ask for a new trial on the ground that a certain juror was disqualified to sit because he was over the age of seventy years, where it is not shown that the rights of the defendant were prejudiced.

MOTION for a new trial.

H. L. Bogart, district attorney, for people.

Moreland & Thurston, for defendant.

McCANN, J.   The defendant, Alfred Thayer, was tried and convicted upon an indictment charging him with robbery.   This is a motion for a new trial on the ground that one of the jurors, before whom the case was tried, was disqualified to sit, because he was over the age of seventy years.

It appears that one of the jurors was over the age of seventy years at the time of the trial, and it also appears that that fact was not known to the defendant, or either of his attorneys, until after the rendering of the verdict.   The juror not having been challenged, the district attorney claims that this question cannot be raised after a verdict.

Section 2, article I, of the Constitution of the State of

County Court, Chemung County, December, 1908. [Vol. 61.

New York reads as follows: " The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever; but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law."

The defendant claims that, under this constitutional provision, a trial before a jury, one of whose members is over the age of seventy years, is equivalent to a trial by eleven jurors, and that such trial is a nullity, even if the defendant consents thereto. Citing Wynel amer v. People, 13 N. Y. 378; Cancemi v. People, 18 id. 128.

The defendant also claims that a failure to challenge a juror is not a waiver of defendant's rights.

Under section 1180 of the Code of Civil Procedure, " An objection to the qualification· of a juror is available only upon a challenge." This disposes of the question so far as it could apply to a civil action.

Section 358 of the Code of Criminal Procedure reads: " The trial jury is formed as prescribed by the Code of Civil Procedure."

It is claimed by the defendant that section 1180 of the Code of Civil Procedure does not apply in criminal cases, notwithstanding the provisions of section 358 of the Code of Criminal Procedure; also, that chapter 3 of the Code of Criminal Procedure contains within itself complete provisions with reference to the challenging of jurors in criminal cases, but does not require a challenge in a case like the one at bar.

I cannot agree with the position taken by the defendant on this point. The Criminal Code (§ 359) recognizes two kinds of challenges:

" (1) To the panel;

" (2) To an individual juror."

Section 369 reads: " Before a juror is called, the defendant must be informed by the court, or under its direction, that if he intend to challenge an individual juror, he must do so when the juror appears, and before he is sworn."

The following section (§ 370) subdivides challenges to individual jurors into:

" (1) Peremptory, or

" (2) For cause."

Section 371 reads: " A challenge must be taken when the juror appears and before he is sworn."

Section 374 defines a challenge for cause as " an objection to a particular juror and is:

" (1) General, that the juror is disqualified from serving in any case; or

" (2) Particular, that he is disqualified from serving in the case on trial."

Section 387 reads: " The first twelve persons who appear, as their names are drawn and called, who are approved as indifferent between the parties, and are not discharged or excused, must be sworn, and constitute the jury to try the issue."

It seems to me that the foregoing sections provide a complete system of challenging and make it a statutory requirement that any objection to a particular juror, on the ground that he is disqualified, must be taken by challenge before the juror is sworn.

The argument of the defendant in this case seems to proceed upon the line that there is no statutory requirement that a defendant shall avail himself of the objection to the disqualification of a juror before a verdict. The foregoing citations seem to me conclusive upon that question. However, the briefs of counsel cite many cases upon the question of waiver, and the defendant's attorney makes an extended argument, that the defendant could not have waived his rights in this matter as long as he had no knowledge of the fact of the age of the juror. This argument seems also to be answered by the statutory provision. The defendant's attorney claims that the question has never been passed upon in this State, but cites authorities from several States of the Union to sustain his position, viz.: Hardy v. Sprowl, 32 Maine, 310; Lane v. Goodwin, 47 id. 593; Briggs v. Town of Georgia, 15 Vt. 61; State v. Babcock, 1 Conn. 401; Hill v. People, 16 Mich. 351; Schumaker v. State, 5 Wis. 324; Coles v. Buckman, 6 Iowa, 160; State

v. Groom, 10 id. 308; Rice v. State, 16 Ind. 298; Burrough v. State, 33 Ga. 403.

An examination of these cases, however, shows that the question is decided as a proposition of common law rather than upon any statutory provision; therefore, I do not see how they are applicable. The cases cited include various disqualifications, such as a juror being an alien, over age, under age, disqualified by reason of nonresidence and the failure to own the requisite amount of property. All these questions are involved in the cases referred to. Some of the cases cited by defendant are very strong upon the proposition that the failure to object to a juror is not a waiver of defendant's rights, where the defendant had no knowledge of the disqualification, and hold that such a trial is practically a trial by eleven jurors. Other cases go so far as to hold this rule to be true in civil actions. On the other hand, many cases are cited from outside the State, which hold to the contrary: Brewer v. Jacobs, 22 Fed. Rep. 218; Jeffers v. Randall, 14 Mass. 205; Woodward v. Dean, 113 id. 297; Wassun v. Feeney, 121 id. 94; Combs v. Commonwealth, 97 Ky. 26; Williams v. State, 37 Miss. 410; State v. Burden, 71 Maine, 90.

The cases cited from without the State are at variance, although it is true that the weight of the authorities seems to favor the position of the defendant, if such authorities can be considered as applicable to a case which must be governed by statutory provision. Cancemi v. People, 18 N. Y. 128, is cited by defendant. Here it is held that objections to jurors may be waived.

People v. Mack, 35 App. Div. 115, is a criminal case in which one of the jurors was related to the complainant within the ninth degree of affinity. It did not appear that the juror knew that he was disqualified. The relationship was not known to the defendant at the time, or to his attorneys, and he was not challenged. The court cites authorities in the State of New York and in other States and holds that this is not a ground for a new trial. The opinion says: "A new trial can be granted only in cases provided in section 465. It is not apparent how the present case

can be brought within any of the provisions of section 465, as the defendant failed to inquire, and no misconduct is chargeable to the juror, and it does not appear that the substantial rights of the defendant have been prejudiced."

The defendant attempts to distinguish this case on the ground that the relationship was not, strictly speaking, a " disqualification," but was a ground of challenge for implied bias; but section 371 of the Code of Criminal Procedure says, "A challenge must be taken when the juror appears, and before he is sworn." This includes challenges for cause. § 370. Challenges for cause include disqualification from serving in any case. § 374.

Other cases cited by the district attorney are: People v. Jewett, 6 Wend. 388; Bloomingdale v. Adler, 7 Misc. Rep. 184; Stedman v. Batchelor, 49 Hun, 392; Salisbury v. Mc-Claskey, 26 id. 262; Clark v. Van Vracken, 20 Barb. 281; Seacord v. Burling, 1 How. Pr. 175; Bennett v. Matthews, 40 id. 428.

Many of the foregoing cases are civil actions and many are distinguishable from the case at bar.

The defendant claims that a statutory provision that a defendant must challenge or lose his rights is unconstitutional, when it includes a case where the defendant is ignorant of the fact of the disqualification until after trial.

The constitutionality of this question is discussed in Stokes v. People, 53 N. Y. 173, which holds " that the constitutional provision does not, however, prevent the legislature from regulating the method of procuring and impanelling a jury, and if the defendant does not take advantage of such a provision designed to protect his rights, he should not complain in the absence of proof of injury."

The defendant claims that an analogous question would present itself, where a case is tried before a judge not qualified to sit in the particular case, citing Matthews v. Noble, 25 Misc. Rep. 674; Elmira Realty Co. v. Gibson, 103 App. Div. 140; People v. Connor, 142 N. Y. 130; Birdsall v. Fuller, 11 Hun, 204; Schoonmaker v. Clearwater, 41 Barb. 200; Oakley v. Aspinwall, 3 N. Y. 547.

In these cases it was held that a judgment was a nullity

by reason of the disqualification of the judge presiding. This contention is answered in Salisbury v. McClaskey, 26 Hun, 262, in which case two of the jurors were cousins of the plaintiff. No knowledge of that fact came to the defendant until after the verdict. A motion for a new trial was denied. The court says: " The appellant has assumed that the relationship of a juror was equivalent and had the same effect as though it was to the judge, that is, that the question of the relationship of one or more of the jurors was precisely in effect like the relationship of the judge presiding at the trial. In this the learned counsel for the appellant is mistaken. In the case of the relationship of a judge at a trial within the ninth degree, to one of the parties, he obtains no jurisdiction of the parties, nor can such jurisdiction be conferred by consent: Any judgment rendered where such relationship exists is absolutely void, the court having no jurisdiction to try the action because of such relationship. Hence any judgment in such case will be set aside, though the same be against the party so related. But as to a juror it does not in any manner affect the jurisdictional question. The court has jurisdiction over the parties and the subject-matter of the action. If a juror, no matter how closely related to one of the parties, is accepted without objection, he is a competent juror. The relation of a juror is simply a disqualification, the same as though over or under the age prescribed, not possessing the necessary property qualifications, etc. If allowed to pass no question can afterward be raised. This proposition is too clear for argument, and needs no reference to authorities."

In a separate opinion in the same case, Judge Rumsey says: " The rule, as settled by authority, seems to be that while the relationship of a juror to a party is ground of challenge for principal cause, yet if the objection is not taken when the jury is impanelled, the presence of the disqualified juror is not ground for a new trial, although the disqualification was not known to the defeated party, unless it appears he was actually prejudiced by it."

The disqualification of a judge to sit is governed by section 46 of the Code of Civil Procedure. The language is

positive and explicit that he shall not sit in cases where dis-
qualified.   The distinction as to the disqualification of jurors
lies in the facts,

(1) That in the latter case the statute provides for a
waiver, while as to judges there is no such statutory provi-
sion, and

(2) As to judges, it is a jurisdictional matter.

My conclusion, therefore, is that the Constitution, in pro-
viding a trial by jury, does not prevent the Legislature from
regulating the method in which such juries shall be drawn
or formed.   I believe that chapter 3 of the Code of Criminal
Procedure contains statutory provisions which require that
the question of the disqualifications of jurors must be tried
before the juror is sworn, and that the sections hereinbefore
referred to constitute practically the same provision as is
laid down in the Code of Civil Procedure under section 1180
which reads: "An objection to the qualification of a juror
is available only upon a challenge."

The defendant, therefore, not having availed himself of
the privilege of challenging the individual juror as author-
ized under the sections quoted, cannot now ask for a new
trial, especially in view of the fact that it is not shown that
the rights of the defendant have been prejudiced.

An order may, therefore, be prepared denying the motion.

Motion denied.