■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE MOSELY, Appellant. [606 NYS2d 617] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J., at hearing; Harold Silverman, J., at trial), rendered August 20, 1990, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him as a second violent felony offender to a term of 3½ to 7 years, unanimously affirmed.

Police, passing by defendant while on routine patrol, observed defendant, through his open jacket, shove something into his waistband. During a second pass, police observed the butt of a gun protruding two or three inches above defen-

dant's waistline. The officers stopped defendant, and, after a struggle, recovered the gun and bullets.

Viewing the evidence in the light most favorable to the People and giving due deference to the jury's findings on credibility, under the standards set forth in *People v Bleakley* (69 NY2d 490, 494-495), defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence and the verdict was not against the weight of the evidence.

We have no basis to disturb the hearing court's findings on credibility, nor do we conclude that the officer's testimony was tailored or otherwise was incredible *(see, People v Grajales,* 187 AD2d 631, *lv denied* 81 NY2d 789). By failing to challenge the statement of a police officer to his partner, that the officer believed that defendant had a gun, on hearsay grounds, the present claim is unpreserved for review *(see, People v Cruz,* 191 AD2d 343, *lv denied* 81 NY2d 1012). Since this was appropriate narrative testimony, and was not offered to prove the fact that defendant had a gun, we find no basis to review in the interest of justice. Nor did defendant preserve a challenge to testimony by a police officer that defendant possessed hollow point bullets. The description of the bullets as being hollow pointed did not in any manner detract from the relevance of testimony that bullets were recovered from defendant.

During deliberations, a juror contacted the court, and indicated his discomfort with continued participation. Generally, the juror indicated to the court that he was uneasy with people and was not a good communicator. After several questions addressed to the juror, the court ascertained that, in fact, this juror could continue to serve. Defense counsel of record, as well as the defense attorney second seating her, both agreed that the inquiry should take place in defendant's absence. This explicit waiver of defendant's presence, which likely arose from strategic considerations, waives the claim for review *(People v Grant,* 178 AD2d 283, *lv denied* 79 NY2d 920). Nor did the nature of the questioning amount to elaborate instructions exhorting the juror to return to deliberations or expound on legal principles *(see, People v Carr,* 168 AD2d 213, 214, citing, *inter alia, People v Cain,* 76 NY2d 119). In view of the specific procedures employed here, the nature of the questions and answers, and counsel's evident satisfaction with the outcome, we decline to review in the interest of justice. Concur—Ellerin, J. P., Asch, Rubin and Nardelli, JJ.