■ The People of the State of New York, Respondent, v Gerald Jones, Appellant. [607 NYS2d 239] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered March 7, 1991, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life and 15 years to life, unanimously modified to the extent of reducing the sentence to concurrent terms of 15 years to life and otherwise affirmed.

While the court's charge with respect to defendant's failure to testify may have been lengthier than it should have been, it was not facially incorrect and did not imply to the jury that defendant should have testified. Moreover, defendant's claim that the charge implied that his decision not to testify was a tactical maneuver is unpreserved for review as a matter of law, defendant having failed to object to the charge at the time it was delivered *(People v Autry,* 75 NY2d 836).

The prosecutor's summation did not shift the People's burden of proving guilt beyond a reasonable doubt. Moreover, the court advised the jury that the indictment is not proof and otherwise gave clear and correct instructions on the People's burden of proof, which instructions the jury is presumed to have followed *(People v Davis,* 58 NY2d 1102, 1104).

Defendant's claim that ineffective assistance of counsel resulted in the denial of his right to testify before the Grand Jury should be raised in the context of a CPL 440.10 motion, an option that defendant may still invoke. The record as presently constituted, does not permit review of this claim *(see, People v Brown,* 45 NY2d 852, 853-854).

We find the sentence excessive to the extent indicated.

We have considered defendant's other contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger and Wallach, JJ.