■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALIK HARRISON, Appellant. [613 NYS2d 19] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered October 3, 1991, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to a term of 12½ to 25 years, unanimously modified as a matter of discretion in the interest of justice to the extent of reducing the sentence imposed to a term of 7½ to 15 years and as so modified the judgment is otherwise affirmed.

While it is clearly preferred, a contemporaneous, verbatim record of the jury selection process is not a prerequisite to appellate review so long as the record is sufficiently complete to allow such review *(People v Brown,* 202 AD2d 266; *cf., People v Fearon,* 13 NY2d 59). Where defense counsel was permitted at least three opportunities to make a full record of any objections to either comments by the prosecutor or rulings

by the court during jury selection, the record is sufficient. The one objection raised by defendant concerning a comment by the prosecutor is meritless.

Based on testimony of the two undercover officers, the trial court did not abuse its discretion in concluding that testifying in an open courtroom might endanger their safety *(People v Martinez,* 82 NY2d 436).

Defendant failed to object to the court's adverse inference charge and, thus, his claim is not preserved *(People v Autry,* 75 NY2d 836), and we decline to review it in the interest of justice. Were we to review, we would find that the charge, as we have previously stated, was "lengthier than it should have been" but "was not facially incorrect and did not imply to the jury that defendant should have testified" *(People v Jones,* 200 AD2d 441).

We find the sentence excessive to the extent indicated.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Carro, Rubin and Williams, JJ.