■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BUTCH JONES, Appellant. [618 NYS2d 211] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered August 7, 1992, convicting defendant, after a jury trial, of robbery in the first degree and sentencing him, as a persistent violent felony offender, to a term of 15 years to life, unanimously affirmed.

Contrary to defendant's argument, the instruction that a reasonable doubt "is a doubt for which a juror could give a reason if he or she were called upon to do so in the jury room" and one for which a juror "should be in a position to furnish the reason" to his or her fellow jurors if they asked, did not improperly impose upon the jurors a duty to articulate the reasons for their doubt, but merely " 'defined the required degree of clarity and coherence of thought, focusing on the jurors' intellectual effort' " *(People v Robinson,* 204 AD2d 129, quoting *People v Brin,* 190 AD2d 512, *lv denied* 82 NY2d 751).

Defendant's claim that reversible error occurred when prospective jurors were questioned in his absence in these March 1992 proceedings is without merit *(People v Sprowal,* 84 NY2d 113).

We have considered defendant's other contentions and find

them to be without merit. Concur—Wallach, J. P., Kupferman, Ross, Nardelli and Williams, JJ.