■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STACEY SMALLWOOD, Appellant. [622 NYS2d 268] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered September 9, 1993, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Viewing the evidence in the light most favorable to the People, and giving due deference to the jury's evaluation of credibility, defendant's guilt was proved beyond a reasonable doubt and the verdict was not against the weight of the evidence (*People v Bleakley,* 69 NY2d 490, 494-495; *Matter of Anthony M.,* 63 NY2d 270, 280).

Defendant's challenge to introduction of evidence concerning the overheard telephone conversation on the basis of hearsay is unpreserved for appellate review as a matter of law (*People v Mosely,* 200 AD2d 430, 431, *lv denied* 83 NY2d 856), and we decline to review in the interest of justice. Nor has defendant preserved most of his challenges to the prosecutor's opening and summation, most of which are meritless, and none of which would warrant reversal. Defendant's present contention that the court *sua sponte* submitted a non-adverse inference instruction, in connection with defendant's failure to testify, without request by defendant, also is unpreserved for review (*People v Temple,* 165 AD2d 748, 750, *lv denied* 76 NY2d 944). Although it would have been error for the court to

have done so (CPL 300.10 [2]), the present state of the record is inadequate to determine, if, in fact, the instruction was submitted *sua sponte*. Nor would the instruction, as given, warrant reversal. Even though it departed from the statutory language, it was facially accurate and did not imply that the failure to testify was only a tactical decision *(compare, People v Jones,* 200 AD2d 441, *lv denied* 83 NY2d 854, *with People v Celestino,* 201 AD2d 91, 98-99). Defendant also failed to preserve his challenge to the reasonable doubt instruction *(People v Uraca,* 195 AD2d 377, *lv denied* 82 NY2d 728). In any event, this Court has concluded that this phrasing does not improperly impose upon the jurors an affirmative duty to articulate their doubt *(People v Jones,* 208 AD2d 415). We have considered defendant's remaining contentions and find them to be meritless. Concur—Ellerin, J. P., Kupferman, Asch, Nardelli and Williams, JJ.