OPINION OF THE COURT
W. Patrick Falvey, J.
The defendant appeals the judgment of the Penn Yan Village Court made and entered on November 24, 1993, following a jury trial convicting the defendant of the crimes of endangering the welfare of a child (Penal Law § 260.10), a class A misdemeanor, and sexual abuse in the third degree (Penal Law § 130.55), a class B misdemeanor.
On review of the record on appeal, the court determines that the appeal must be dismissed.
*376 Defendant, through his present counsel, failed to file the notice of appeal with the trial court within 30 days after imposition of the sentence as required by CPL 460.10 (1) and (2). Nor did defendant’s counsel request an extension to do same under CPL 460.30.
While the defendant did timely provide a copy of the notice of appeal to the District Attorney, County Court and filed a copy with the County Clerk, these actions do not cure the fundamental defect in failing to file the notice of appeal with the trial court. (See, CPL 460.10 [6]; People v Dimmie, 42 Misc 2d 521, affd 15 NY2d 578; People v Van Slyke, 31 Misc 2d 434.) The court notes an order dated February 8, 1995 and executed by the Penn Yan Village Court, purporting to allow late filing of the notice of appeal with that court, "nunc pro tune”. However, this court deems such an order to be without force and effect. (See, CPL 460.30.)
The court in exercising its appellate jurisdiction is restricted on the record presented for review. Furthermore, since the defendant was found guilty after trial, the reviewing court must view the evidence in the light most favorable to the prosecution. (People v Contes, 60 NY2d 620, 621.)
Therefore, even considering the substance of the appeal, the court would affirm the judgment of the trial court. The defendant’s arguments are considered below.
JURY CHARGE
Defendant argues that the Village Court’s charge in regard to sexual contact was improper. The lower court charged: "A person is guilty of the Sexual Abuse in the Third Degree when he subjects another person to sexual contact without the latter’s consent. In order for you to find the defendant guilty of this crime, the People are required to prove * * * that on or about August 24, 1992 in the County of Yates, the defendant intentionally, not by accident, subjected Angela Klapp to sexual contact * * * According to the law sexual contact means any intentional touching of the sexual or intimate parts of a person not married to the defendant for the purpose of gratifying sexual desire of either party * * * A person intentionally subjects another person to sexual contact when his conscious aim or objective is to subject the person to such sexual contact.” (Transcript, at 84-85.)
Defendant takes issue with the phrase "intentionally, not by accident.”
*377 As the People correctly point out, defendant’s objection to the charge was not preserved for review, since defendant’s counsel made no objection to the court’s charge as indicated by his stating that he had no exceptions or requests. (See, CPL 300.10 [4], [5]; People v Chin, 67 NY2d 22 [indicating a failure to take an exception or otherwise note a protest to the disputed portion of the charge will be deemed to waive presentation of the alleged error for appellate review].)
In any event, when viewed in its entirety, the charge correctly conveyed to the jury the proper standards to apply in arriving at its decision and the court’s use of the phrase, "not by accident”, did not shift the burden of proof or otherwise prejudice the defendant. (See, People v Coleman, 70 NY2d 817, 819; People v Richardson, 117 AD2d 825, lv denied 67 NY2d 1056.) Furthermore, the trial court’s charge on sexual abuse, third degree, substantially complied with the Criminal Jury Instructions. (See, 2 CJI[NY], at 446A-446H.)
Although it would be more prudent to have the charge conference on the record for purposes of appellate review it is not a requirement that it be so recorded (CPL 300.10). Here, the defendant asserts in his brief "that a charge conference was held * * * but the charge conference was not recorded” (appellant’s brief, at 2).
CONSTITUTION OF JURY
The court notes that counsel and court stipulated that the voir dire need not be recorded. Therefore, this did not constitute error. (See, People v Harrison, 205 AD2d 322; People v Johnson, 140 AD2d 954, appeal denied 72 NY2d 920; People v Begg, 86 AD2d 693.)
Defendant claims that four jurors had business dealings with the District Attorney; one juror was related within the sixth degree of consanguinity to the victim and another juror was related by marriage to the local County Judge (the intermediate appellate court herein). Thus, defendant argues the jury was improperly constituted.
Again, as the People point out, this argument has not been preserved for the court’s review, citing People v Iannelli (69 NY2d 684, cert denied 482 US 914).
Furthermore, the court notes that a trial juror may be challenged for cause under CPL 270.20 (1) (c) if related within the sixth degree of consanguinity or affinity to a person alleged to be a victim of the crime charged; or he/she bears *378 some other relationship to any such person of such nature that it is likely to preclude him/her from rendering an impartial verdict.
The defendant stating that the part-time District Attorney had previously represented four of the jurors as private counsel in civil matters is asserting an "implied bias” to the People’s case. (See, People v Branch, 46 NY2d 645.)
However, the case at bar is distinguishable since, based on the written briefs of the appellee and appellant, defendant’s trial counsel did not exercise a challenge for cause, therefore, it was waived. (See, CPL 270.15; People v Thayer, 61 Misc 573, affd 132 App Div 593.)
Furthermore, defendant’s failing to challenge the juror related to the victim does not invalidate the verdict since that ground for disqualification was waived. (People v Mack, 35 App Div 114.)
In addition, though the defendant may have exercised all of his peremptory challenges that is of no moment since the defendant did not first challenge for cause. (See, CPL 270.20 [2]; People v Pitsley, 185 AD2d 645, lv denied 81 NY2d 792.)
The defendant’s additional argument that the foreperson of the trial jury was related within the sixth degree of affinity to the appellate court was addressed on the record at oral argument. This court determined then that recusal was not mandatory in that no misconduct on the part of the jury was a basis for the appeal. Therefore, mandatory recusal under Judiciary Law § 14 and Canon 3 of the Code of Judicial Conduct was not applicable. This being the case, the court felt and continues to feel that it can maintain its impartiality in this proceeding.
EFFECTIVE ASSISTANCE OF COUNSEL
Defendant argues that his trial attorney failed to adequately present his defense. Defendant argues that his attorney failed to preserve for review the issue of the charge and of the constitution of the jury. Further, defendant should have testified. On review of the record in its totality as of the time of representation, this court concludes that defendant’s trial counsel provided meaningful representation. (People v Baldi, 54 NY2d 137.)
For the reason stated the appeal is denied for failure to timely commence the appeal.