■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WILLIAMS, Appellant. [628 NYS2d 654] —Judgment, Supreme Court, New York County (James Leff, J.), rendered April 21, 1992, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 9 to 18 years, to be served consecutively to parole time owed on Bronx County indictment number 3730/85, unanimously affirmed.

Defendant has failed to preserve most of his challenges to the purported improper admission of hearsay by appropriate objection (CPL 470.05 [2]), and we decline to review in the interest of justice. However, we note that the testimony of the police officer concerning the content of the radio report was necessary to provide background information to the jury (*see, People v Cardona*, 173 AD2d 364, *lv denied* 78 NY2d 1074), as was the testimony of defendant's mother-in-law (*see, People v Mosely*, 200 AD2d 430, 431, *lv denied* 83 NY2d 856).

Under the circumstances presented, the court did not abuse its discretion in denying defendant's request for a one-day adjournment to secure the presence of his wife as a witness. His wife, who was the complainant and who was scheduled to testify on behalf of the People, suddenly disappeared and could not be located despite diligent efforts by the prosecution during an adjournment granted at their request. Defendant was aware of the efforts being made to locate her and, despite his indication that he wanted her to testify, failed to accept the court's offer to aid in such efforts. It was only after the court announced that it would proceed with the trial that he introduced a letter she allegedly wrote to him, indicating her desire to drop the prosecution, and that he sought the adjournment to locate her. However, in the letter, she did not state that she would testify on his behalf. Moreover, the record does not indicate that defendant or his attorney knew how to contact her. Since defendant failed to demonstrate that his request was made in good faith, after exercising some diligence, the court did not abuse its discretion in denying the request for the adjournment (*cf., People v Foy*, 32 NY2d 473).

In light of defendant's extensive criminal background and the violent nature of the incident in question, the sentence imposed was neither harsh nor excessive.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.