■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL J. PAIGE, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Schenectady County (Williams, J.), rendered June 13, 1985, upon a verdict convicting defendant of the crimes of robbery in the second degree and escape in the first degree.

Defendant was an inmate at the Schenectady County Jail on September 3, 1983. He was there under a commitment order issued by the City of Schenectady Police Court dated February 10, 1983 authorizing his detention on murder charges. Additionally, he was also being held on a commitment order issued August 8, 1983 authorizing his detention on sodomy charges for an incident that allegedly occurred while he was a jail inmate.

On September 3, 1983, defendant and two other inmates effected their escape from the jail by allegedly overpowering a Sheriff's Department dispatcher after religious services had concluded and while a priest was attempting to leave the jail. The dispatcher's gun and set of jail keys were taken from him at the time. The gun also was allegedly fired during the encounter. Defendant was eventually taken into custody some two months later in Connecticut and subsequently returned to Schenectady County. He was indicted for escape in the first degree, robbery in the second degree and reckless endangerment in the first degree. After a trial in April 1985, defendant was convicted of the escape and robbery counts and thereafter sentenced as a persistent felony offender to 15 years to life on each count, both terms to run concurrently to each other, but consecutively to a prior sentence of 25 years to life for murder. This appeal followed.

There should be an affirmance. Defendant urges several grounds for reversal of his conviction, only a few of which deserve comment. Defendant's claim that there was insufficient proof to sustain his conviction is without merit. Sufficient evidence was presented to convict defendant beyond a reasonable doubt of the escape and robbery charges. Defendant's claim that the prosecution failed to prove that he was charged with a felony when he escaped is refuted by the record. There was ample evidence that he was being held in the County Jail on commitments for felony crimes (a murder charge and a subsequent sodomy charge) issued at different times by the Schenectady Police Court, authorizing his detention at the time of his escape.

Defendant's argument that the trial court erred in failing to instruct the jury that, in order to convict defendant of escape in the first degree, they had to find that he had the requisite intent to escape also lacks merit. When instructing the jury on general principles of law, the trial court did instruct the jury that "criminal intent is an essential element of the crimes charged in the indictment". Further, in a trial for escape: "independent proof of intent is not required absent facts suggesting a purpose other than the evasion of custody, as for example, to evade the outbreak of fire in the area of confinement" *(People v Hutchinson,* 56 NY2d 868, 870). No facts were presented at trial to suggest that defendant had any purpose other than the evasion of custody when he left the jail. Accordingly, there was no error in the charge in this respect.

Defendant's contention that the sentence imposed was harsh and excessive and should be reduced in the exercise of this court's discretion in the interest of justice is rejected. There has been no showing that the sentencing court abused its discretion or of the existence of extraordinary circumstances warranting any reduction in the sentence imposed *(see, People v Farrar,* 52 NY2d 302). Nor has defendant shown that the sentence should be reduced in the interest of justice *(see,* CPL 470.15 [6] [b]; 470.20 [6]).

We have examined defendant's other claims of reversible error and find them unpersuasive.

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.