■ The People of the State of New York, Respondent, v Michelle Donaldson, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered December 14, 1990, upon a verdict convicting defendant of the crimes of grand larceny in the second degree and offering a false instrument for filing in the first degree (10 counts).

On February 19, 1985 defendant, a podiatrist, became a participating physician in the Medicaid program. As such, she received a Medicaid provider manual for podiatrists and claim forms. Defendant submitted claims for orthotics pursuant to Medicaid procedure code 90473 contained in the manual. This code expressly provides for payment of $46 "per pair" of "[f]oot mold balance inlay support" orthotics created by the provider. This provision requires the foot mold pairs to be created and fabricated if defendant billed Medicaid at $46. Although defendant billed at this rate, defendant had one of

her associates trace or stain only one foot of a particular patient and make a pair of foot molds, which showed only length and width, using pairs of molds that defendant had purchased in quantity from an individual in Lowell, Massachusetts, for only $5 per pair. The indictment was based on defendant's submission of claims for production of foot molds that were in no way equivalent to what she was required to produce. Defendant was charged with grand larceny in the second degree (Penal Law former § 155.35) and 14 counts of offering a false instrument for filing in the first degree (Penal Law § 175.35).

Upon defendant's conviction of grand larceny in the second degree and 10 counts of offering a false instrument for filing in the first degree, defendant was sentenced to concurrent prison terms of 2 to 6 years on the grand larceny conviction and 1⅓ to 4 years for each of the other offenses found. Additionally, defendant was ordered to make restitution of $59,984 in connection with her grand larceny conviction.

On her appeal, defendant argues that Medicaid procedure code 90473 is vague and did not give her fair notice that the billing for two dimensional foot molds at the prescribed rate constitutes criminal conduct. We disagree. The code in question provides fair notice that filing false Medicaid claims under procedure code 90473 constitutes criminal conduct. A person of ordinary intelligence would know that both feet must be measured to produce a pair of orthotics and by its terms the "per pair" requirement of procedure code 90473 is an explicit nonarbitrary standard for enforcement. Having resorted to measuring only one foot for each patient, defendant was not entitled to reimbursement for a pair of orthotics under procedure code 90473.

Defendant also contends error in the refusal of County Court to charge the lesser included offense of petit larceny. Viewed in the light most favorable to defendant, there is no reasonable view of the evidence that would support a finding that defendant committed petit larceny but not the grand larceny in the second degree with which she was charged *(see, People v Glover,* 57 NY2d 61). The uncontradicted evidence offered by the People showed that defendant collected $59,984 on 1,285 claims that she submitted. The refusal of County Court to charge petit larceny was proper. Furthermore, this proof defeats defendant's claim that the evidence was legally insufficient to satisfy the burden requirements of that crime under *People v Bleakley* (69 NY2d 490, 495), or that the verdict was against the weight of the evidence *(supra).*

As to the charge of offering a false instrument for filing in the first degree, the evidence was sufficient to permit an inference that defendant intentionally failed to fulfill the requirements of Medicaid procedure code 90473 by measuring only one foot of a patient and by failing to provide a pair of orthotics in a foot mold that was casted and fabricated, despite submission of claims that the required work was done.

We have examined the various arguments by defendant that County Court committed reversible error in excluding certain evidence. In our view, the questioned evidence was properly excluded.

In the circumstances of this case, considering the kind and nature of defendant's crimes as well as defendant's background, we find that the interest of justice requires a reduction in sentence to concurrent prison terms of 1 to 3 years for each conviction. We further find that County Court correctly computed the amount of restitution imposed and that the crimes were appropriate for restitution.

Mikoll, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on each conviction to a prison term of 1 to 3 years, said sentences to be served concurrently; matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5); and, as so modified, affirmed.