■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES W. BUKOVSKY and DIANE L. BUKOVSKY, Appellants.— Casey, J. Appeals from two judgments of the County Court of Otsego County (Mogavero, Jr., J.), rendered October 23, 1989 and November 6, 1989, upon verdicts convicting defendants of the crimes of burglary in the third degree and petit larceny.

The sole issue on this appeal is the propriety of County Court's ruling under *People v Sandoval* (34 NY2d 371) with respect to the prior convictions of defendant Charles W. Bukovsky (hereinafter defendant). Defendant applied for the ruling orally just before taking the witness stand. The prior convictions sought to be suppressed were a 1976 offense of trespass in the third degree, a 1977 petit larceny conviction, a 1979 petit larceny conviction, a 1981 petit larceny conviction and a 1982 burglary in the third degree conviction. After hearing the parties in regard to the application, County Court suppressed inquiry about the 1977 and 1979 convictions on the basis of the time that had elapsed. The court then ruled that the other three convictions, one felony and two misdemeanors, could be used by the prosecution on cross-examination of defendant, but that the nature of the convictions and the facts underlying the convictions could not be elicited. Thus, when he took the witness stand, defendant was cross-examined about two prior unspecified misdemeanors and one prior unspecified felony. Defendant now contends that permitting the jury to speculate as to the nature of these unspecified convictions was highly prejudicial and defeated the spirit of the *Sandoval* doctrine.

In view of the similarity between the crime for which defendant was on trial and the crimes of which he had previously been convicted that were not barred by the passage of time, we believe the ruling of the trial court was a proper exercise of discretion *(see, People v Hicks,* 88 AD2d 519). The ruling was appropriate in the circumstances to prevent the jury from inferring defendant's guilt of the crimes charged by his previous convictions of similar crimes and yet still show the jury that defendant had on these prior occasions put his own personal interests above the interests of society *(see, People v Coe,* 95 AD2d 685). These circumstances may properly be considered on the issue of defendant's credibility inasmuch

as he voluntarily chose to testify. The judgments of conviction should, therefore, be affirmed.

Weiss, P. J., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgments are affirmed.