■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT MESA, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered August 13, 1990, upon a verdict convicting defendant of the crime of escape in the second degree.

On January 16, 1990 defendant, an inmate at Elmira Correctional Facility in Chemung County, was escorted by two correction officers, Marcellus Henry and Samuel Karam, to

the Chemung County Courthouse to permit defendant to attend a trial. Defendant left the facility wearing handcuffs, leg irons, a safety belt and a safety chain. Upon arriving at the courthouse, his guards were instructed, pursuant to a standing County Court order, to remove defendant's restraints. Thereafter, when defendant was allowed to use a small bathroom contained in the holding area while his guards waited outside, defendant slipped out through the bathroom window. Defendant was apprehended approximately 5 to 10 minutes later. Defendant was indicted for escape in the second degree and was found guilty following a jury trial. Defendant was sentenced as a second felony offender to a prison term of 2 to 4 years that was to run consecutively to the sentence he was then serving. Defendant appeals.

We affirm. Contrary to defendant's arguments on appeal, the evidence adduced at trial was legally sufficient to support every element of the crime of escape in the second degree (Penal Law § 205.10 [2]; *see, People v Bleakley,* 69 NY2d 490, 495), including the requirement that he was in "custody" at the time he escaped. "Custody" is defined as "restraint by a public servant pursuant to * * * an order of a court" (Penal Law § 205.00 [2]). Defendant's argument that the People failed to prove that he was in custody when he jumped out of the courthouse window because the court order committed him to the custody of the Department of Correctional Services (hereinafter DOCS) upon his conviction of a prior felony is entirely specious. Because DOCS cannot maintain custody of a prisoner without the use of its employees, it is ridiculous to argue that custody by DOCS employees is not the same as commitment to DOCS.

Defendant's remaining arguments are similarly meritless. A reasonable view of the evidence, viewed in the light most favorable to defendant *(see, People v Donaldson,* 181 AD2d 948, 949, *lv denied* 79 NY2d 999), does not support defendant's contention that he committed the lesser offense of attempted escape in the second degree as opposed to the crime of escape in the second degree with which he was charged. The fact that defendant did not escape any great distance before he was recaptured does not alter the fact that he actually escaped from the custody of his guards.

Yesawich Jr., J. P., Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed.