■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD A. SARGENT, Appellant. [598 NYS2d 851] —Mikoll, J. P. Appeal from a judgment of the County Court of Saratoga County (Williams, J.), rendered January 8, 1990, upon a verdict convicting defendant of the crimes of burglary in the third degree and escape in the second degree.

Shortly after midnight on January 26, 1989, defendant was apprehended by law enforcement officers while exiting an NAPA auto store in the City of Mechanicville, Saratoga County. The law enforcement officers were responding to a silent alarm at the store. Defendant was handcuffed and placed in a locked police car. Shortly thereafter, defendant unlocked the door, left the vehicle, ran up the street, over a

guardrail, down an embankment and back to the store where he was again apprehended.

Defendant's motion to suppress certain inculpatory statements was denied after a pretrial hearing. Defendant was subsequently tried and convicted for burglary in the third degree and escape in the second degree. County Court sentenced defendant as a second felony offender to prison terms of 3½ to 7 years for the burglary conviction and 2 to 4 years for the escape conviction, with both sentences to be served concurrently.

We find no merit in defendant's contention that the evidence was insufficient to support his conviction for escape in the second degree because he did not actually "get away" from the law enforcement officers and because, according to the trial transcript, the jury found him guilty of escape in the third degree, a crime not charged and upon which the jury was not instructed. He urges that the verdict was against the weight of the evidence and the count charging escape in the second degree should be dismissed. Contrary to defendant's contention, there was testimony from which the jury could rationally conclude that he was out of the control of the officers for a short period of time and, thus, guilty of escape in the second degree (see, Penal Law § 205.10 [2]; People v Mesa, 188 AD2d 688, lv denied 81 NY2d 844). The evidence introduced was legally sufficient to support every element of the crime of escape in the second degree and the verdict was not against the weight of evidence (see, People v Bleakley, 69 NY2d 490, 495).

Defendant's claim that the jury convicted him of escape in the third degree is inaccurate. Examination of the full record reveals that the clerk, upon delivery of the jury verdict, inadvertently stated that the second count of the indictment was escape in the third degree. County Court charged the jury on the crime of escape in the second degree and the verdict sheet given to the jury listed the crime of escape in the second degree.

Turning to the suppression hearing, defendant's contention that the amount of alcohol and cocaine that he had consumed, the injuries that he sustained in police custody, and his tiredness and sickness had the effect of rendering his statement to the police involuntary and inadmissible is without merit. Police Officer Ralph Peluso testified that defendant agreed to talk to him privately, was advised of his Miranda rights which he said he understood and, although he appeared

nervous, his speech was clear, logical and intelligent. Peluso stated that defendant did not have glassy eyes or the smell of alcohol and his face, although cut, was not bleeding. The testimony at the *Huntley* hearing was conflicting and the ensuing credibility question was resolved in favor of Peluso and against defendant *(see, People v Zerbst,* 147 AD2d 844, 845, *affd* 74 NY2d 888). County Court could conclude from the evidence presented, including defendant's testimony, that defendant was not intoxicated to such a degree that he did not knowingly and voluntarily waive his rights *(see, People v Merrick,* 188 AD2d 764; *People v Duffy,* 185 AD2d 371, 372, *lv denied* 80 NY2d 929).

Defendant's claim that County Court erred in its *Sandoval* rulings is rejected *(see, People v Sandoval,* 34 NY2d 371). County Court ruled that the prosecution could question defendant about his prior convictions for burglary in November 1985 and June 1981 by inquiring only whether he was convicted of a felony in relation to each occasion without indicating that the felonies were burglaries and without going into the underlying facts. County Court also found that defendant could be questioned as to his convictions for grand larceny, petit larceny and resisting arrest, but not as to their underlying circumstances. County Court also ruled that defendant could be questioned as to a conviction for disorderly conduct. The burglary convictions were not so remote in time as to have no bearing on defendant's credibility *(see, People v Alexander,* 176 AD2d 947, 948, *lv denied* 79 NY2d 852) and there was no error in allowing defendant to be questioned as to whether he was convicted for the two felonies without revealing that they were for burglaries *(see, People v Bukovsky,* 183 AD2d 942, *lv denied* 80 NY2d 927). The rulings that County Court made with respect to the convictions for larceny and resisting arrest were a proper exercise of the court's discretion to balance defendant's right not to be unfairly prejudiced against the prosecution's right to introduce evidence relating to the issue of defendant's credibility *(see, People v Tucker,* 165 AD2d 900, 901; *see also, People v Rivera,* 160 AD2d 1098, 1099, *lv denied* 76 NY2d 795; *People v Hemingway,* 152 AD2d 818, 820, *lv denied* 74 NY2d 810).

Finally, defendant's contention that his sentence is unduly harsh and excessive is rejected in view of his prior criminal history, which includes two prior felony burglary convictions *(see, People v Durgey,* 186 AD2d 899, 903, *lv denied* 81 NY2d 788; *see also, People v Paige,* 122 AD2d 494, 495, *lv denied* 68 NY2d 815).

Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.