■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGH PILGRIM, Appellant. [731 NYS2d 371] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered March 9, 1999, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and escape in the first degree, and sentencing him to consecutive terms of 1⅓ to 4 years and 1 to 3 years, respectively, and judgment, same court (Micki Scherer, J.), rendered May 19, 1999, convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to a concurrent term of 1 to 3 years, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record (see, People

*v Prochilo*, 41 NY2d 759, 761). Testimony properly credited by the court, including the officer's observation of crack vials, established probable cause. In any event, the record also supports the court's finding that defendant abandoned the bag in question. Regardless of whether defendant dropped the bag intentionally or otherwise, he evinced an intention to abandon the bag by walking away from it when it fell from him (*see, People v Ramirez-Portoreal*, 88 NY2d 99, 110-111; *People v Sanchez*, 260 AD2d 298, *lv denied* 93 NY2d 1026).

The verdict convicting defendant of escape in the first degree was based on legally sufficient evidence and was not against the weight of the evidence. Based on the evidence presented, the jury could rationally conclude that defendant was out of the control of the officers for a short period of time and was thus guilty of escape (*see, People v Sargent*, 194 AD2d 865; *People v Mesa*, 188 AD2d 688, *lv denied* 81 NY2d 844).

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Tom, J. P., Mazzarelli, Wallach, Buckley and Friedman, JJ.