■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY A. VAIL, Appellant. [798 NYS2d 220]—

Appeal from a judgment of the County Court of Chemung

County (Hayden, J.), rendered March 19, 2004, convicting defendant upon his plea of guilty of the crime of escape in the first degree.

In July 2003, defendant escaped from a maximum security prison where he was serving a life sentence for various crimes, including murder in the second degree. As a result of this and his activities following the escape, defendant was charged in an indictment with escape in the first degree, burglary in the third degree and grand larceny in the fourth degree. In full satisfaction of the indictment, he pleaded guilty to escape in the first degree. No specific sentence was promised by County Court in connection with the plea, although the prosecution sought the maximum of $3^{1}/_{2}$ to 7 years in prison and the defense requested a lesser prison term of 2 to 4 years. Defendant was ultimately sentenced as a second felony offender to $3^{1}/_{2}$ to 7 years in prison, consecutive to the prison term he was then serving, and was ordered to pay certain fees and surcharges, including a DNA databank fee of $50. He now appeals.

A review of defendant's criminal record discloses that he has committed numerous crimes, the most heinous of which was the senseless murder of a 23-year-old pregnant woman, and has consistently exhibited a pattern of violent and unpredictable conduct. Hence, we find neither extraordinary circumstances nor an abuse of discretion which would warrant a reduction of the sentence in the interest of justice (*see People v McManus*, 124 AD2d 305 [1986]; *People v Paige*, 122 AD2d 494, 495 [1986], *lv denied* 68 NY2d 815 [1986]). Contrary to defendant's claim, County Court did not err in imposing a DNA database fee even though a DNA sample had previously been taken from him as a result of his prior convictions given that such convictions predated the enactment of the legislation establishing such fee (*see* Penal Law § 60.35 [1] [e], as added by L 2003, ch 62, part F, § 1) and, therefore, no such fee had previously been collected.

Spain, J.P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.