■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD FORTUNATO, Appellant.—Judgment of the Supreme Court, New York County (Leslie Crocker Snyder, J., at trial with a jury), rendered June 27, 1988, convicting defendant of three counts of criminal sale of a controlled substance in the first degree and one count of conspiracy in the second degree and sentencing him to three concurrent indeterminate terms of imprisonment of 20 years to life, as well as an indeterminate term of imprisonment of 8⅓ to 25 years, is unanimously affirmed.

Defendant's claim that his right to confrontation was denied because coconspirator Lafaro's statements could not be challenged by cross-examination or the introduction of extrinsic evidence has not been preserved. Were we to reach the issue in the interest of justice, we would find it not a basis for reversal for the reasons set forth in the opinion of Presiding Justice Murphy in the companion case of codefendant Persico, whose arguments on appeal defendant adopts. (People v Persico, 157 AD2d 339 [decided herewith].) We note, moreover, that the defense was given an opportunity to introduce evidence bearing on Lafaro's character, but never availed itself of the opportunity.

We find that defendant's encounter with some jurors, while handcuffed, was inadvertent and not unduly prejudicial. (People v Harper, 47 NY2d 857, 858.) While the court did not take testimony about the incident from defendant, no error occurred because defense counsel spurned the court's offer of a curative instruction. In any event, testimony by defendant would not have served to undermine the finding that the incident was not unduly prejudicial.

Nor is there merit to defendant's claim that Detective Groth should have been precluded from testifying about defendant's pedigree. The information was neither Rosario nor Brady material, and was not discoverable as a statement. (People v Berkowitz, 50 NY2d 333, 338, n 1.)

Defendant did not preserve his present claim that the supplemental instructions on conspiracy were inadequate. He argues that the court did not review the principles dealing with his defense that the charges in the indictment did not refer to his marihuana dealing. Counsel did make a protest, but did not draw the court's attention to the precise issue pressed in this court. In this complicated case, defendant failed to meet his obligation to make his claim of error sufficiently specific. (Cf., People v Leisner, 73 NY2d 140, 147.)

We have examined the remainder of defendant's points, including those points raised by defendant Persico that defendant adopts, and find them to be without merit. Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.