■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD CODY, JR., Appellant. [617 NYS2d 77] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of manslaughter in the first degree (as a lesser included offense of murder in the second degree), burglary in the first degree, arson in the second degree, and three counts of reckless endangerment in the first degree. The charges arose from the strangulation death of a woman following some drinking and an alleged altercation in her apartment. Defendant then removed some of the victim's personal property and set a fire to cover the homicide and theft.

We reject the contention of defendant that County Court erred in denying his motion to suppress statements that he

gave to the police. The court properly suppressed all statements and articles obtained from defendant's person on March 19, 1991. However, the court properly found that defendant's statements to the police on March 21, 1991, were sufficiently attenuated from the prior police impropriety. Defendant was permitted to leave the police station during his interrogation on March 19, 1991, to obtain treatment for his cut finger. Two days later, he agreed to accompany the police officers to the station to make a statement about the fire. Thus, there was "such a definite, pronounced break in the interrogation that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning" *(People v Chapple,* 38 NY2d 112, 115).

The admission of evidence at trial that had previously been ordered suppressed by the suppression court did not violate defendant's constitutional rights because defense counsel, as a matter of trial strategy, requested that defendant's statement be admitted without any redactions. It is evident from the record that defense counsel was cognizant that such request would "open the door" to questioning about the illegally seized items. He acknowledged that he was "prepared to go forward under those conditions". Thus, defense counsel affirmatively waived any objection to the admission of that evidence.

The police officer's testimony that defendant had "just gotten off of parole" was improper. Any prejudice that might have arisen due to the brief mention of uncharged criminal activity was alleviated, however, when the court sustained the objection and promptly instructed the jury to disregard the remark *(see, People v Santiago,* 52 NY2d 865).

Considering the heinous nature of defendant's acts and defendant's extensive criminal history, the court did not abuse its discretion in directing that the sentences for arson and reckless endangerment run consecutively to the sentences for manslaughter and burglary. (Appeal from Judgment of Erie County Court, Drury, J.—Manslaughter, 1st Degree.) Present —Green, J. P., Pine, Fallon, Callahan and Davis, JJ.