■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN ANDREWS, Also Known as BUSY BEE, Appellant. [654 NYS2d 838] —Peters, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered March 23, 1995 in Albany County, upon a verdict convicting defendant of the crime of burglary in the first degree.

In the early morning hours of September 4, 1993, defendant appeared at the home of Shonda White. After defendant repeatedly knocked upon her door, White opened it; defendant identified himself as "Busy Bee" and asked where Donna was. After White advised him that Donna lived upstairs, defendant grabbed White by the neck and began choking her and twisting her neck. As she fought back, he dragged her into the apartment, threw her over the kitchen stove and continued to strangle her. When White's two-year-old son entered the kitchen, defendant released her, grabbed a portable compact disc player and ran out the front door.

Six weeks later, defendant was arrested and, after indictment, tried and convicted. At trial, both White and Officer Victor Arocho, the responding officer, testified concerning the physical injuries that she sustained. White testified that she had trouble breathing and was left with burn and scratch marks on her neck. She further testified that for days after the incident, she had residual pain in both her back and neck, requiring her to take pain relievers. While she did not seek medical attention at such time, further objective indicators of the injuries were corroborated by Arocho.

As grounds for reversal, defendant argues that the evidence was insufficient to establish the statutory element of "physical injury" within the meaning of Penal Law § 10.00 (9). Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620, 621), we find that the testimony

concerning White's degree of pain and residual impairment, coupled with Arocho's testimony, fully supported the jury's finding that she suffered "physical injury" at the hands of defendant (*see, People v Miller*, 146 AD2d 809, 810, *lv denied* 73 NY2d 980). While White did not seek medical treatment for her injuries, such failure was not dispositive (*see, People v Guidice*, 83 NY2d 630, 636). We further find the evidence legally sufficient to establish defendant's guilt beyond a reasonable doubt and, upon the exercise of our factual review power, find that the verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490).

As to defendant's contention that his arrest report was *Rosario* material which was not timely disclosed, we find that such report falls outside the purview of CPL 240.45 since its use was limited to defendant's admission that he was also known as "Busy Bee". That type of pedigree information is not discoverable as a statement (*see, People v Berkowitz*, 50 NY2d 333, 338, n 1; *People v Fortunato*, 161 AD2d 455, *lv denied* 76 NY2d 892). Equally unavailing is defendant's allegation of ineffective assistance of counsel based upon a failure to make a timely speedy trial motion. In the absence of documents or records to demonstrate that the motion would have been granted had it been timely filed, further review becomes unnecessary (*see, People v Satterfield*, 66 NY2d 796; *People v Baldi*, 54 NY2d 137; *see also, People v Brown*, 233 AD2d 764; *People v Barber*, 231 AD2d 835).

Addressing defendant's challenge to his sentence, we find that since it was within the statutory guidelines and there are no extraordinary circumstances warranting a reduction, it is neither harsh nor excessive (*see, People v Bell*, 206 AD2d 686, *lv denied* 84 NY2d 866; *People v Simoens*, 159 AD2d 818, *lv denied* 76 NY2d 743).

Crew III, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.