■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN K. DUGAN, Appellant. [661 NYS2d 121] —Judgment unanimously affirmed. Memorandum: We conclude that defendant's conviction of burglary in the second degree and criminal possession of stolen property in the third degree is based on legally sufficient evidence and is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). We further

conclude that County Court properly admitted evidence that, during his first trial, defendant absconded during jury deliberations. That conduct was indicative of a consciousness of guilt and the court properly instructed the jury concerning the weakness of that flight evidence (*see, People v Yazum*, 13 NY2d 302, 304, *rearg denied* 15 NY2d 679).

Defendant contends that the court erred in denying his motion for a mistrial after a prosecution witness on direct and cross-examination made reference to defendant being in jail. The court, upon defense counsel's objection, immediately struck the remarks and promptly instructed the jury to disregard them, thus dissipating any prejudice to defendant (*see, e.g., People v Cody*, 207 AD2d 962, 963, *lv denied* 85 NY2d 860; *People v Cruz*, 72 AD2d 748, 749). Consequently, the court did not abuse its discretion in denying the motion for a mistrial (*see, e.g., People v Carfagna*, 212 AD2d 960, *lv denied* 85 NY2d 907). We likewise reject the contention that the brief and inadvertent viewing of defendant in handcuffs denied defendant a fair trial (*see, People v Harper*, 47 NY2d 857, 858; *People v Fortunato*, 161 AD2d 455, *lv denied* 76 NY2d 892; *People v Larrabee*, 134 AD2d 855, *lv denied* 71 NY2d 898).

Defendant's further contention that the court erred in instructing the jury concerning the inference that may be drawn from the recent and exclusive possession of stolen property is unpreserved for our review (*see*, CPL 470.05 [2]; *People v Di Mauro*, 113 AD2d 840, *lv denied* 67 NY2d 650). Similarly unpreserved is the contention that defendant was unduly prejudiced by the prosecutor's improper remarks on summation wherein the prosecutor vouched for the credibility of his witness (*see*, CPL 470.05 [2]; *People v Williams*, 46 NY2d 1070, 1071; *People v Eldridge*, 221 AD2d 966, 966-967, *lv denied* 87 NY2d 1019). In any event, the prosecutor's remarks constitute a fair response to defense counsel's summation (*see, People v Halm*, 81 NY2d 819, 821; *People v Waldron*, 154 AD2d 635, *lv denied* 75 NY2d 777).

We reject the contention that defendant was deprived of effective assistance of counsel. The record establishes that defense counsel provided meaningful representation (*see, People v Rivera*, 71 NY2d 705, 708-709; *People v Baldi*, 54 NY2d 137, 146-147).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Chautauqua County Court, Himelein, J.—Burglary, 2nd Degree.) Present—Green, J. P., Lawton, Callahan, Doerr and Boehm, JJ.