■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES W. BEGG, JR., Appellant. — Appeal from a judgment of the County Court of Broome County (Smyk, J.), rendered July 22, 1980, upon a verdict convicting defendant of the crimes of manslaughter in the second degree and driving

while intoxicated. At around 1:00 A.M. on June 17, 1979, on a sparsely populated stretch of Route 41 in Broome County, defendant drove his motor vehicle into the opposite lane of travel, striking an oncoming car and causing the death of its operator. The jury was provided with irresistible evidence of defendant's intoxication and guilt and, despite contrary assertions, the court's instructions to the jury were neither incorrect nor prejudicial. Of the many arguments defendant advances, a few warrant comment. The request for an adjournment to enable a county-wide opinion poll to be taken to assess the effects of allegedly prejudicial media coverage was properly denied as premature, for the case had not yet progressed to the *voir dire* of the potential jurors (*People v Morin,* 56 AD2d 715). Following the jury's selection, defendant presumably was satisfied that an unbiased panel had been chosen, for a change of venue was no longer pursued. Since it was never requested that the *voir dire* be reported, failure to do so did not constitute error. The contention that the prosecution was obliged to prove that the accident was not the result of a mechanical defect is specious. It was claimed that defendant left his lane of travel due to an optical illusion, not because he experienced some mechanical difficulty with his vehicle. Moreover, to adopt defendant's thesis would require the prosecution not only to prove guilt, but to disprove a theoretically available defense that was never raised. As for the claim that the prosecution should have preserved the wrecked vehicles to enable defendant to inspect them, we note that a timely request to inspect was not made, that their destruction was not the product of any bad faith on the prosecution's part, and, most significantly, that the evidence of defendant's guilt was overwhelming (see *United States v Grammatikos,* 633 F2d 1013, 1020). Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.