**THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLETON PHOENIX, Appellant.** [602 NYS2d 734] —Mahoney, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered January 24, 1992, upon a verdict convicting defendant of the crime of grand larceny in the fourth degree.

We are unpersuaded by defendant's argument that he improperly was tried in abstentia. Indeed, a reading of the record leaves little room for doubt but that ample objective facts and circumstances exist to support County Court's conclusion that defendant willfully absented himself from court in an effort to delay his trial and by so doing forfeited his constitutional right to be present at trial *(see, e.g., People v Brooks,* 75 NY2d 898; *People v Corley,* 67 NY2d 105; *People v Sanchez,* 65 NY2d 436). Defendant did not appear on the day set for trial and the trial date was adjourned twice thereafter by County Court due to defendant's continued absence. On the occasion of each adjournment defendant was notified by defense counsel of the adjourned date and the necessity of his presence. Despite his stated intention to appear, he failed to do so on both occasions. Instead, on the first adjourned date, he called the Trial Judge's chambers and stated perfunctorily that he would not be available until later in the week. No explanation was given for this unavailability. He contacted chambers by telephone again minutes before trial was set to begin on the second adjourned date. At this time a conference was conducted on the record among the Trial Judge, prosecutor and defense counsel, with defendant on a speaker phone. During that conference, defendant acknowledged his awareness of the trial dates but provided no explanation for his absence other than that he told chambers previously ''he would be back by Friday morning''. He further refused to disclose his telephone number. County Court then advised defendant that his repeated failure to attend was being construed as a refusal to appear and that the trial would proceed as scheduled in several minutes with or without his presence. Defendant responded by hanging up. Additional evidence made available to the court also revealed that defendant had been seen in the City of Albany on the original trial date and the first adjourned date, once in front of the victim's home. By the time a bench warrant had been issued on the first adjourned date, however, police were unable to locate him.

Equally without merit is defendant's alternate contention that County Court erred in refusing to charge petit larceny as

a lesser included offense to the indicted charge of grand larceny in the fourth degree. Two prerequisites must be met in order to warrant submission of a lesser included offense to the jury. First, it must be impossible to commit the greater offense without also committing the lesser offense and, second, a reasonable view of the evidence must support a finding that the defendant committed the lesser offense (CPL 300.50 [1]). Here, even assuming that $200 of the $1,250 defendant stole from the victim, because it was paid to him directly by the victim's estranged husband, cannot be viewed as being "owned" by the victim (see, Penal Law § 155.00 [5]), it is uncontroverted that defendant still stole $1,050 from the victim, an amount in excess of $1,000, the threshold for grand larceny in the fourth degree (Penal Law § 155.30 [1]). That being the case, it cannot be said that any reasonable view of the evidence supports a conclusion that defendant committed the lesser but not the greater offense (see, e.g., *People v Donaldson*, 181 AD2d 948, *lv denied* 79 NY2d 999).

Weiss, P. J., Mercure, Cardona and Casey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).