OPINION OF THE COURT
 

 Simons, J.
 

 Defendant has been convicted of criminal sale of a controlled substance in the third degree and sentenced to a term of imprisonment. He seeks reversal because the trial court refused to order the stenographer to record portions of the jury voir dire despite defense counsel’s repeated requests that a record be made of her objections to several statements of the prosecutor and the court. Defendant contends that the court’s
 
 *796
 
 actions denied him effective appellate review. We agree and conclude that the appropriate remedy is reversal and a new trial.
 

 A defendant has a fundamental right to appeal a criminal conviction
 
 (see, People v Montgomery,
 
 24 NY2d 130, 132;
 
 see also,
 
 CPL 450.10). To facilitate that right, section 295 of the Judiciary Law requires that full stenographic notes be taken of all trial proceedings and, on request of counsel during a jury trial, "each and every remark or comment of [the] judge * * * and every exception taken to any such ruling [or] decision” must be recorded. The People acknowledge that Judiciary Law § 295 applies to criminal proceedings and that the voir dire of prospective jurors is a part of the trial within the meaning of the statute. They maintain, however, that defendant was not prejudiced here because the substance of defendant’s objections, though not recorded, is discernable from the record and that it is clear that the challenged remarks do not provide grounds for reversal. Alternatively, the People claim that the most defendant is entitled to is a remand for a hearing to reconstruct a record for appellate review.
 

 Though the directions contained in Judiciary Law § 295 would appear absolute, the absence of a stenographic record does not, per se, require reversal of defendant’s conviction
 
 (see, Williams v Norman,
 
 34 NY2d 626). Verbatim recordation of the proceedings is the "better practice”, unless waived, but we have recognized that reversal is not required if defendant is not prejudiced by the absence of a stenographic record
 
 (see, People v Fearon,
 
 13 NY2d 59, 61). The record has been deemed sufficient if those portions of the proceedings objected to have been transcribed or agreed upon by counsel
 
 (id.).
 
 Moreover, if the record can be accurately reconstructed no prejudice results from its loss
 
 (see, People v Glass,
 
 43 NY2d 283, 286;
 
 cf., People v Rivera,
 
 39 NY2d 519, 523). There is a presumption of regularity which attaches to a judicial proceeding
 
 (see, People v Glass, supra,
 
 at 287;
 
 cf., People v Taylor,
 
 73 NY2d 683) and the unavailability of a stenographic record, either because it has been lost or inadvertently destroyed, standing by itself, will not rebut that presumption
 
 (see, e.g., People v Glass, supra).
 
 However, when a record cannot be reconstructed because of the lapse of time, the unavailability of the participants in the proceeding or some similar circumstance, there must be a reversal
 
 (see, People v Rivera, supra; see also, People v Scott,
 
 70 NY2d 420, 426;
 
 People v Taylor, supra).
 

 
 *797
 
 The absence of a record in this case is attributable to the court’s failure to comply with the requirements of section 295 of the Judiciary Law. Here, the first round of jury selection proceeded without a record of the objections made by defense counsel. After luncheon recess, and prior to the examination of the second panel, defense counsel noted for the record that she had requested earlier that the voir dire be recorded and that the court had refused her request. She noted further that during the first round of jury selection she had objected to the prosecutor’s comments to the jury "a number of times,” "[m]aybe * * * six or seven at a time,” and had asked that her objections be recorded and that the court had denied her request. She stated her belief that the prosecutor’s statements contained erroneous commentary on the law and moved for a mistrial. The court denied the motion. Counsel then sought to review the specific objections she made in the morning session, but the court refused to allow her to do so, stating "the record stands.” Counsel asked to state her specific objections once more but the court denied her request and ordered the prospective jurors in. Counsel then requested that the balance of the voir dire be recorded and the court denied her request yet again. She then asked that any future objections be recorded and the court denied that motion as well.
 

 Voir dire of another panel of prospective jurors was conducted, but not recorded. When the challenges to that panel were exercised, and recorded, defense counsel objected to statements made during voir dire about defendant taking the stand. She contended that comments by both the prosecutor and the court improperly reflected on defendant’s invocation of his Fifth Amendment rights. The court ordered counsel to repeat the statements but when she attempted to do so, she was interrupted by the prosecutor who disputed the accuracy of her recollection. Counsel again moved for a mistrial and the court denied her motion, telling the prosecutor "[d]on’t pay any attention to [defense counsel’s argument]. That is junk.” Defense counsel moved once more for a mistrial. The motion was denied "in toto.”
 

 It is obvious from these facts that the trial court erred by foreclosing defendant from exercising his right to obtain a stenographic record of voir dire as Judiciary Law § 295 requires. The question then is whether that error can be cured by a reconstruction proceeding. Nothing in the record that is available supports the People’s argument that the proceedings
 
 *798
 
 were free of substantive error and the prejudice to defendant —impairment of effective appellate review — is manifest. It cannot be cured by a reconstruction hearing because the dispute regarding the substance of the comments by the court and counsel establishes that an accurate account could not be reconstructed even if we were to order remittal for that purpose. Defendant is therefore entitled to a reversal of the conviction
 
 (see, People v Rivera, supra,
 
 at 523).
 

 Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order reversed, etc.