■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN FLEMING, Appellant. [634 NYS2d 115] —Judgment of the Supreme Court, New York County (Clifford Scott, J.), rendered July 21, 1993, convicting defendant, after trial by jury, of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $4^1/_2$ to 9 years, is unanimously reversed, on the law, and the matter remanded for a new trial.

As the People concede, despite three requests by defendant's trial counsel that the entire jury *voir dire* be recorded in accordance with Judiciary Law § 295, the trial court permitted only recordation of the actual exercise of challenges for cause and peremptory challenges. Because of this, there is no record available for effective appellate review of defendant's claim regarding his challenge for cause of one juror. That compelled defendant to exercise a peremptory challenge. All of the peremptory challenges were thereafter exhausted by defendant. As the People further concede, there is no basis to believe that the challenged portion of the record could be reconstructed at this point, since, even immediately after it occurred, counsel and

the court could not agree on what the juror had said. Because defendant has been prejudiced by the absence of a stenographic record, and a reconstruction hearing would not cure the impairment of effective appellate review under the circumstances, reversal is mandated (*see, People v Harrison*, 85 NY2d 794, 798).

Since we reverse and remand for a new trial, we do not reach the other contentions raised by defendant. Concur—Murphy, P. J., Asch, Nardelli and Mazzarelli, JJ.