◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS R. SKAAR, Appellant. [638 NYS2d 846] —Yesawich Jr., J.

After a jury trial at which testimony was elicited showing that defendant sold cocaine to an undercover police officer on two occasions in December 1992, defendant was convicted of two counts of criminal sale of a controlled substance. Sentenced, as a second felony offender, to concurrent prison terms of 10 to 20 years, defendant appeals. His primary contention is that County Court erred in failing to give a missing witness charge with respect to a confidential informant who was present during each of the subject transactions, but was not called to testify.

The record discloses that defendant met his initial burden of demonstrating entitlement to the requested missing witness charge (*see, People v Gonzalez,* 68 NY2d 424, 427-428). As County Court found, however, the People established that the informant, who had moved to Maine, could not be located despite diligent efforts on the part of the Montgomery County Sheriff's Department to discover his whereabouts. Those efforts

included a telephone call to a number the informant had furnished (which, it was disclosed, had been disconnected); multiple searches of germane criminal and motor vehicle records to ascertain whether any new address or phone number existed; attempts to find the witness by contacting those persons with the same last name in the relevant area codes in New York and Maine; and repeated contacts with police departments in New York and Maine, where, it was discovered, he had absconded after an assault arrest. His former addresses in New York were also checked, to no avail. Given these efforts, County Court cannot be said to have erred in finding the witness to be truly unavailable and denying the requested charge on that basis (*see, supra,* at 428; *People v Munroe,* 185 AD2d 530, 532-533).

And, there being no prejudice shown, the lack of a stenographic record of the jury voir dire—it had been requested by defendant's trial counsel in response to County Court's inquiry, but inexplicably was unavailable—does not warrant reversal (*see, People v Harrison,* 85 NY2d 794, 796; *People v Battle,* 221 AD2d 648, 649). Significantly, defendant does not maintain that erroneous rulings were made during the jury selection process, to which his counsel registered objections (thus preserving the issues for appellate review), and there is no factual basis in the record for his claim that a reconstruction hearing would be futile (*compare, People v Fleming,* 221 AD2d 287).

Also unpersuasive is defendant's assertion that County Court wrongly denied his request for substitute counsel. Defendant's dissatisfaction with his assigned attorney essentially consisted of criticism of counsel for not spending more preparation time with defendant. Having made an inquiry as to whether there was good cause to honor defendant's request, and having determined that there was none (a conclusion with which we concur [*see, People v Frayer,* 215 AD2d 862, 863, *lv denied* 86 NY2d 794; *People v Santiago,* 111 AD2d 531, 532]), the court nevertheless adjourned the proceedings for three weeks to enable defendant to retain counsel (which he indicated he was in the process of doing), or decide to continue with assigned counsel, or to proceed *pro se.* In so doing, County Court struck a reasonable balance between defendant's right to be represented by counsel of his own choice and the need to guard against unwarranted delay occasioned by an indigent criminal defendant's frivolous request for substitution (*cf., People v Sides,* 75 NY2d 822, 824). It bears noting that when the proceedings resumed, defendant indicated that he wished to

continue being represented, as he ultimately was, by his assigned attorney.

We also reject the contention that reversal is dictated because of certain statements made during the prosecutor's summation. While some of those statements would perhaps have been better left unsaid, when they are considered in the context of the entire trial it is clear, in view of the overwhelming evidence of defendant's guilt, that any error was harmless (*see, People v Blair*, 148 AD2d 767, 769, *lv denied* 74 NY2d 661).

Defendant's remaining arguments have been considered, and found meritless (*see, e.g., People v McDougal*, 221 AD2d 374; *People v Wolf*, 141 AD2d 972, 973, *lv denied* 72 NY2d 926).

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.