■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN VASQUEZ, Appellant. [641 NYS2d 437] —Crew III, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered October 28, 1994, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

In February 1994, defendant was an inmate at Elmira Correctional Facility in Chemung County, where he was accused of possessing an eight-inch long, sharpened metal rod. Defendant was subsequently convicted of the crime of promoting prison contraband in the first degree and sentenced to a term of 3 to 6 years' imprisonment to run consecutively to the term he had been serving at the time this judgment was rendered. Defendant appeals.

Defendant contends that his conviction must be reversed because the court stenographer failed to record the jury voir dire. The Judiciary Law provides that in a jury trial, the stenographer is to record the testimony and all other proceedings "when requested so to do by either party" (Judiciary Law § 295). Inasmuch as defense counsel failed to request that the voir dire be stenographically recorded, the absence thereof

does not constitute reversible error (*see, People v Begg,* 86 AD2d 693; *see also, People v Harrison,* 85 NY2d 794, 796; *People v Collins,* 70 AD2d 986; *cf., People v Glass,* 43 NY2d 283, 286-287; *People v Fleming,* 221 AD2d 287; *People v Cameron,* 219 AD2d 662).

We also reject defendant's contention that his conviction must be reversed on double jeopardy grounds because he was subjected to both a prison disciplinary hearing and a criminal action arising out of the same charges. This Court has held that a prison disciplinary hearing cannot serve as the basis for a claim of double jeopardy in the context of a subsequent criminal action (*see, People v Nunez,* 186 AD2d 317, 318, *lv denied* 81 NY2d 765; *People v Frye,* 144 AD2d 714, *lv denied* 73 NY2d 891).

We have examined defendant's remaining contentions and find them to be without merit.

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.