■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL LANE, Appellant. [660 NYS2d 890] —Cardona, P. J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered July 5, 1995, upon a verdict convicting defendant of the crimes of robbery in the second degree and assault in the second degree.

Defendant and Timothy Platt were both incarcerated in the Broome County Jail. While incarcerated, defendant stole a gold chain and medallion in the possession of Platt and, when Platt attempted to recover his property, defendant hit him repeatedly, fracturing his jaw, nasal bone and maxillary sinus area. As a result of the incident, defendant was indicted on one count of robbery in the second degree and one count of assault in the second degree. Defendant was found guilty of both charges after trial and sentenced to concurrent prison terms of 5 to 10 years for the robbery charge and 3 to 6 years for the assault charge. This appeal followed.

Initially, defendant argues that several jurors allegedly expressed racial viewpoints during voir dire which could form the basis of a claim under *Batson v Kentucky* (476 US 79) but, because of County Court's failure to order voir dire transcripts, he cannot pursue this contention. The Court of Appeals has stated that "the absence of a stenographic record does not, per se, require reversal of [a] defendant's conviction" (*People v Harrison*, 85 NY2d 794, 796). Rather, a defendant must show that a request was made that the voir dire proceedings be recorded, the request was denied, and the failure to record the proceedings prejudiced him or her in some manner (*see, People v Skaar*, 225 AD2d 824, *lv denied* 88 NY2d 854; *People v Rick*, 224 AD2d 790, *lv denied* 88 NY2d 852). Here, a review of the transcript reveals no such request. Moreover, there is no evidence or claim that defense counsel objected during the selection process (*see, People v Skaar, supra*). Thus, defendant failed to preserve this issue for review.

Next, contrary to defendant's assertion, legally sufficient evidence exists to support the convictions and, furthermore, neither conviction was against the weight of the evidence. In reviewing a jury verdict for legal sufficiency, it must be determined "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to

the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]; *see*, *People v Jenks*, 239 AD2d 673). In so doing, the evidence must be viewed in the light most favorable to the prosecution (*see*, *People v Andrews*, 236 AD2d 735, 736).

With respect to the charge of robbery in the second degree, it was necessary that the evidence show that defendant forcibly stole Platt's property and, "[i]n the course of the commission of the crime or of immediate flight therefrom", caused physical injury to Platt (Penal Law § 160.10 [2]).* Here, the trial evidence, particularly the testimony of Platt, established that defendant pretended to examine Platt's medallion but unclasped the chain, removed it from Platt's neck and placed it in his pocket. After Platt reached into defendant's pocket to retrieve the necklace, defendant hit him and the encounter escalated into a fight during the course of which defendant hit Platt about the head and face. Ultimately, one inmate witness confirmed that defendant "hit [Platt] hard and knocked him out".

In our view, a rational person could conclude from this evidence that defendant took Platt's chain and then used force sufficient to cause Platt physical injury in order to prevent Platt from retrieving his property (*see, e.g.*, *People v Williams*, 237 AD2d 101). Moreover, "upon viewing the evidence in a neutral light while giving due deference to the jury's assessment of credibility" (*People v Hubert*, 238 AD2d 745, 746), we conclude that the conviction for robbery in the second degree was not against the weight of the evidence.

Turning to the conviction for assault in the second degree, we note first that, similarly, there was legally sufficient evidence to support this conviction. Under Penal Law § 120.05 (7), an individual is guilty of assault in the second degree when, "[h]aving been charged with or convicted of a crime and while confined in a correctional facility * * * pursuant to such charge or conviction, with intent to cause physical injury to such person, he [or she] causes such injury to such person". In our view, the evidence supports the elements of this crime in that there was credible evidence presented to reasonably support a

---

* Forcible stealing occurs when a person: "in the course of committing a larceny * * * uses * * * physical force upon another person for the purpose of * * * [p]reventing or overcoming resistance to the taking of the property or the retention thereof immediately after the taking (Penal Law § 160.00 [1]).

conclusion that defendant inflicted physical injuries upon Platt while incarcerated.

Defendant maintains further that the verdict was against the weight of the evidence in that he established that he was justified in causing physical injury to Platt because Platt struck him first after he withdrew from the encounter (see, Penal Law § 35.15 [1] [b]). Along these lines, defendant points to testimony indicating that, after defendant knocked Platt down and/or out, defendant walked away from Platt. Platt then got up, went over and struck defendant from behind, at which point defendant turned around, picked Platt up and threw him to the ground where he landed on his head and sustained further injuries. Robert Gantt testified that defendant gave Platt "a little wrestling move, turned him around and you know, just give [sic] him a pile driver [head-first] into the cement". Defendant contends that he was merely protecting himself from Platt's "use or threatened imminent use of unlawful physical force" (Penal Law § 35.15 [1] [b]). However, both defendant and Platt testified that Platt, who was described as dazed and bleeding at this point by another witness, merely hit or took a "whack" at defendant, as opposed to employing the type of "unlawful physical force" that would have justified defendant's response. Platt testified that his blow did not even seem to phase defendant. Viewing this evidence under the appropriate standard, we conclude that the jury's verdict was not against the weight of the credible evidence.

The remaining arguments advanced by defendant have been examined and found to be without merit. Contrary to defendant's argument, County Court did not abuse its discretion in refusing to charge petit larceny as a lesser included offense of robbery in the second degree. In light of the numerous injuries inflicted on Platt and the circumstances herein, without resorting to speculation, "there is [no] reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50 [1]; see, People v Williams, 213 AD2d 175, lv denied 86 NY2d 785; People v Johnson, 197 AD2d 473, lv denied 82 NY2d 897; People v Phoenix, 197 AD2d 755, lv denied 82 NY2d 901). Similarly, no reasonable view of the evidence would support a charge of assault in the third degree rather than the charge of assault in the second degree which was submitted to the jury.

Mikoll, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.