■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL EDDINS, Also Known as PAUL BELLADONNA, Appellant. [669 NYS2d 605] —Appeal by the defendant from a judgment of the County Court, Westchester County (Battisti, J.), rendered September 16, 1985, convicting him of conspiracy in the second degree, criminal solicitation in the second degree, and criminal impersonation in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The absence of a stenographic record does not, per se, require reversal of a defendant's conviction (*see, People v Harrison,* 85 NY2d 794; *People v Glass,* 43 NY2d 283; *People v Fearon,* 13 NY2d 59). Reversal is only required if the defendant is prejudiced by the absence of a stenographic record (*see, People v Fearon, supra*). Moreover, there is a presumption of regularity which attaches to a judicial proceeding (*see, People v Glass, supra,* at 287) and the unavailability of a stenographic record, either because it has been lost or inadvertently destroyed, standing by itself, will not rebut that presumption (*see, People v Harrison, supra,* at 796). Under the circumstances of this case, reversal is not warranted as the defendant failed to dem-

onstrate that he was prejudiced by the absence of the missing minutes.

Contrary to the defendant's further contention, "a chain of custody is not required for the introduction of tape recordings" into evidence (*People v McGee,* 49 NY2d 48, 60, *cert denied sub nom. Waters v New York,* 446 US 942). Rather, a foundation may be established by a participant to the conversation who testifies that the conversation has been accurately and fairly reproduced (*see, People v McGee, supra; United States v Amrep Corp.,* 560 F2d 539, *cert denied* 434 US 1015). Here, as a participant to each recorded conversation testified to the completeness and accuracy of each recording, the tape recordings were properly admitted into evidence.

The defendant's remaining contentions lack merit. Mangano, P. J., Bracken, Copertino and Santucci, JJ., concur.