■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FORBES, Appellant. [669 NYS2d 868] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered June 19, 1996, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), criminal possession of stolen property in the third degree and unauthorized use of a motor vehicle in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant has not preserved for appellate review his contention that his waiver of his right to a jury trial was legally insufficient (*see, People v Magnano,* 158 AD2d 979, *affd* 77 NY2d 941, *cert denied* 502 US 864; *People v McKnight,* 198 AD2d 306). In any event, his waiver was knowingly, voluntarily, and intelligently made (*see, People v McQueen,* 52 NY2d 1025; *People v McKnight, supra; People v Livingston,* 184 AD2d 529).

While the court erred in finding an independent source for one of the complainant's in-court identifications, the People proved by clear and convincing evidence that the other complainant had a sufficient time to view the defendant irrespective of the tainted lineup (*see, People v Livingston, supra; People v Hyatt*, 162 AD2d 713; *People v Johnson*, 129 AD2d 739). As there was no reasonable possibility that the error might have contributed to the defendant's conviction, it was harmless beyond a reasonable doubt (*see, People v Harris*, 80 NY2d 796).

Finally, since the court pronounced sentence on each count, remittitur is not necessary (*see*, CPL 380.20; *cf., People v Sturgis*, 69 NY2d 816; *People v Cuccuru*, 236 AD2d 419). Santucci, J. P., Joy, Friedmann and McGinity, JJ., concur.