■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMILCAR ASENCIA, Appellant. [721 NYS2d 105] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered December 22, 1994, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During a so-called "buy and bust" operation in Brooklyn on July 6, 1994, the defendant sold a glassine envelope containing heroin to Carmen Vasquez, who then sold it to an undercover police officer for $15. Upon his arrest, the defendant had on his person seven additional glassine envelopes of heroin and $1,201 in cash.

The absence of a stenographic record of some of the voir dire

proceedings does not require the reversal of a defendant's conviction (*see, People v Harrison,* 85 NY2d 794, 796; *People v Lane,* 241 AD2d 763). Although the court's questioning of the prospective venirepersons was stenographically recorded, the attorneys' ensuing questioning was not. The defendant did not show that he requested that the continuing voir dire be recorded, that his request was denied, and that the failure to record the proceedings prejudiced him (*see, People v Lane, supra*). In addition, the defendant never asked for a reconstruction hearing (*see, People v Glass,* 43 NY2d 283; *People v Cameron,* 219 AD2d 662).

The court properly closed the courtroom during the undercover officer's testimony, as that officer testified at the *Hinton* hearing (*see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911) that he had worked as an undercover officer in the defendant's neighborhood until the time of trial, that he was scheduled to continue to work there in the future, that his effectiveness would be jeopardized if his identity were disclosed, that he had pending cases and lost subjects from the area, and that he feared for his safety if he were to testify in open court (*see, People v Martinez,* 82 NY2d 436; *People v Duke,* 235 AD2d 547; *People v Caraballo,* 221 AD2d 553; *People v Mitchell,* 209 AD2d 444; *People v Skinner,* 204 AD2d 664).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Krausman, J. P., S. Miller, Friedmann and Luciano, JJ., concur.