■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM BATTLE, Appellant. [758 NYS2d 830] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (DiMango, J.), rendered January 17, 2002, convicting him of attempted criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence on the conviction of attempted criminal sale of a controlled substance in the third degree.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

CPL 380.20 requires the court to pronounce sentence upon each count of an accusatory instrument for which a verdict of guilty or plea of guilty has been entered (*see* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 380.20, at 163). Here, as the People correctly concede, the Supreme Court did not comply with CPL 380.20 because it failed to impose sentence on the defendant's conviction of criminal possession of a controlled substance in the seventh degree. While the order of commitment indicates that the defendant was sentenced to a term of imprisonment of one year on that count, the transcript of the sentencing proceeding is silent with respect to a sentence on the conviction of criminal possession of a controlled substance in the seventh degree. Accordingly, the matter must be remitted for resentencing on both counts of the indictment under which the defendant was convicted (*see People v Sacco,* 294 AD2d 452, 453 [2002]; *People v Johnson,* 259 AD2d 560, 561 [1999]; *People v Cuccuru,* 236 AD2d 419, 420 [1997]; *People v Santiago,* 231 AD2d 652 [1996]).

The defendant's purported waiver of his right to appeal the sentence imposed as excessive was not valid (*see People v DeBoue,* 299 AD2d 422 [2002], *lv denied* 99 NY2d 581 [2003]; *People v Singletary,* 278 AD2d 259 [2000]; *People v Williams,* 258 AD2d 544 [1999]; *People v Rolon,* 220 AD2d 543 [1995]).

However, since the defendant must be resentenced, we do not reach the issue of whether the sentence imposed on the defendant's conviction of attempted criminal sale of a controlled substance in the third degree was excessive (*see People v Roman,* 153 AD2d 594 [1989]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Altman, J.P., Krausman, Goldstein and Cozier, JJ., concur.