## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  March 12, 2015                    105486
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

TYRONE CHAPPELLE,
                        Appellant.
_____

Calendar Date:  January 15, 2015

Before:  Lahtinen, J.P., Garry, Devine and Clark, JJ.

_____

        John Ferrara, Monticello, for appellant.

        D. Holley Carnright, District Attorney (Joan Gudesblatt
Lamb of counsel), for respondent.

_____

Lahtinen, J.P.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered September 13, 2012, upon a verdict
convicting defendant of the crimes of criminal possession of a
controlled substance in the third degree (two counts) and
criminal sale of a controlled substance in the third degree (two
counts).

        In November 2011, several law enforcement agencies were
involved in an operation targeting mid and street-level drug
sales in the City of Kingston, Ulster County.  After a
confidential informant accompanied by an undercover officer had
completed a drug transaction with a targeted dealer, defendant
approached them about purchasing cocaine from him.  On two
separate occasions later that day, about one to two hours apart,

defendant allegedly sold cocaine to the confidential informant in a vehicle while the undercover officer was present and witnessed the transactions. Defendant was subsequently indicted in March 2012 on charges of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts). A jury found him guilty of all counts. He was sentenced as a prior violent felony offender to 15 years in prison on each sale count and 10 years in prison on each possession count, all to run concurrently, together with postrelease supervision. Defendant appeals.

Defendant argues that reversible error occurred since a portion of voir dire was not transcribed. "Although we agree that verbatim recordation of the trial proceedings is the better practice, unless waived, the case law makes clear that the absence of a stenographic record does not, per se, require reversal of a defendant's conviction" (People v Jenkins, 90 AD3d 1326, 1329 [2011], lv denied 18 NY3d 958 [2012] [internal quotation marks and citations omitted]; see People v Harrison, 85 NY2d 794, 796 [1995]). "'Rather, a defendant must show that a request was made that the voir dire proceedings be recorded, the request was denied, and the failure to record the proceedings prejudiced him or her in some manner'" (People v Jenkins, 90 AD3d at 1329, quoting People v Lane, 241 AD2d 763, 763 [1997], lv denied 91 NY2d 875 [1997]). Here, voir dire was recorded, except one portion during which each counsel exercised peremptory challenges to the first panel of jurors. However, defendant did not request that this part (or any part) of voir dire be recorded (see People v Vasquez, 226 AD2d 932, 932-933 [1996], affd 89 NY2d 521 [1997], cert denied sub nom. Cordero v Lalor, 522 US 846 [1997]) and, importantly, he does not assert that an incorrect ruling or any prejudicial error occurred during the omitted portion (see People v Skaar, 225 AD2d 824, 825 [1996], lv denied 88 NY2d 854 [1996]).

County Court did not err in admitting the cocaine into evidence. Defendant asserts that the People failed to adequately establish that the drugs were purchased from defendant rather than the targeted dealer. However, defendant did not object to the admission into evidence of the two packets containing cocaine and, accordingly, this issue was not preserved for review (see

People v Kennedy, 78 AD3d 1233, 1237 [2010], lv denied 16 NY3d 896 [2011]; People v Brooks, 210 AD2d 800, 803 [1994], lv denied 85 NY2d 906 [1995]).  In any event, "[t]aken as a whole, the testimony amply demonstrate[d] that there existed reasonable assurances of identity and unchanged condition of the substance offered in evidence at trial so as to establish that it was cocaine and that it was secured from defendant" (People v Gilmore, 72 AD3d 1191, 1192-1193 [2010] [internal quotation marks and citations omitted]; accord People v Julian, 41 NY2d 340, 343 [1977]; see People v Hawkins, 11 NY3d 484, 494 [2008]).

Defendant argues that he was denied the effective assistance of counsel because of counsel's failure to object to the small portion of voir dire that was not recorded and to the admission of the cocaine into evidence.  We are not persuaded. "So long as the evidence, the law and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (People v Baldi, 54 NY2d 137, 147 [1981]; accord People v Oathout, 21 NY3d 127, 128 [2013]).  "The test is 'reasonable competence, not perfect representation'" (People v Oathout, 21 NY3d at 128, quoting People v Modica, 64 NY2d 828, 829 [1985]). As we have already discussed, the first failure to object (i.e., at voir dire) has not been shown to have had any prejudicial impact on the trial and the second (i.e., chain of custody) has not been established as meritorious such that an objection would have properly prevented admission of the cocaine.  Moreover, review of the record reveals counsel's meaningful representation by appropriate motions, timely sustained objections, thorough cross-examination of witnesses and a reasonable defense strategy (see People v Malcolm, 74 AD3d 1483, 1486 [2010], lv denied 15 NY3d 954 [2010]; People v Conklin, 63 AD3d 1276, 1277 [2009], lv denied 13 NY3d 859 [2009]).

Garry, Devine and Clark, JJ., concur.

ORDERED that judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court