*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 21, 2016                106098
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

            v                           MEMORANDUM AND ORDER

JOSHUA J. VAUGHN,
                    Appellant.
_____

Calendar Date:  November 23, 2015

Before:  Peters, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.

_____

        Samuel D. Castellino, Big Flats, for appellant, and
appellant pro se.

        Stephen K. Cornwell Jr., District Attorney, Binghamton
(Joshua Seth Shapiro of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Broome County
(Cawley, J.), rendered May 7, 2013, upon a verdict convicting
defendant of the crimes of attempted murder in the second degree
and assault in the first degree.

        Defendant was charged in an indictment with attempted
murder in the second degree and assault in the first degree as
the result of a January 2012 incident wherein the victim, who was
working security at a nightclub in the City of Binghamton, Broome
County, was stabbed by a disgruntled would-be patron.  Defendant
was detained by police for a showup identification in which the
victim's brother, who was also working at the nightclub and
observed the attack, confirmed that defendant was the

perpetrator. County Court rejected defendant's motion to suppress the identification and, following a jury trial, defendant was found guilty as charged. Defendant was sentenced to an aggregate prison term of 15 years, to be followed by five years of postrelease supervision, and he now appeals.

We affirm. Defendant asserts that County Court should have suppressed the showup identification by the victim's brother. "A showup identification is permissible so long as it was reasonable under the circumstances — that is, when conducted in close geographic and temporal proximity to the crime — and the procedure used was not unduly suggestive" (People v Toye, 107 AD3d 1149, 1150 [2013], lv denied 22 NY3d 1091 [2014] [internal quotation marks and citations omitted]; see People v Howard, 22 NY3d 388, 402-403 [2013]). County Court conducted a hearing to assess the propriety of the showup, which revealed that police officers on patrol were advised of the stabbing at approximately 2:05 a.m. Five minutes later, based upon the description of the perpetrator and reports as to where he had fled, police stopped defendant a few blocks from the nightclub. Defendant was nervous, gave inconsistent and inaccurate answers to questions, and was detained and handcuffed behind his back after one of the patrol officers observed blood on his hand. Defendant was then placed facing the street with his hands behind his back, and officers stood several feet away from him. The victim's brother agreed to travel to the site in order to determine if he recognized a possible suspect and, at 2:22 a.m., viewed defendant from the front and positively identified him as the attacker. County Court did not err in finding that this prompt showup identification near the crime scene was admissible (see People v Duuvon, 77 NY2d 541, 544-545 [1991]; People v Bellamy, 118 AD3d 1113, 1116 [2014], lv denied 25 NY3d 1159 [2015]; People v August, 33 AD3d 1046, 1048-1049 [2006], lv denied 8 NY3d 878 [2007]).

Defendant further argues that he was deprived of the effective assistance of counsel. He particularly points to voir dire, during which questioning conducted by County Court was transcribed, but the subsequent questioning by counsel was not. Defense counsel did not object to that practice and, without any prejudice apparent from the record, "the absence of a

stenographic record does not, per se, require reversal of defendant's conviction" (People v Harrison, 85 NY2d 794, 796 [1995]; accord People v Chappelle, 126 AD3d 1127, 1128 [2015], lv denied 25 NY3d 1161 [2015]; see People v Jenkins, 90 AD3d 1326, 1328-1329 [2011], lv denied 18 NY3d 958 [2012]). Defendant speculates that defense counsel may have conducted a lackluster examination of a prospective juror – who was apparently thereafter placed on the jury without objection – and asserts that defense counsel gave him erroneous advice in other respects. Inasmuch as those contentions involve matters not found in the record on appeal, however, defendant must properly develop them in a CPL article 440 motion (see People v Haffiz, 19 NY3d 883, 885 [2012]; People v Carlton, 120 AD3d 1443, 1445 [2014], lv denied 25 NY3d 1070 [2015]). The record as it exists reflects that defense counsel engaged in appropriate motion practice, vigorously cross-examined the People's witnesses at trial and called attention to inconsistencies in the identification of defendant as the perpetrator, and we have no reason to doubt that defense counsel provided meaningful representation (see People v Henry, 95 NY2d 563, 565-566 [2000]; People v Rick, 224 AD2d 790, 790 [1996], lv denied 88 NY2d 852 [1996]).

The sentence imposed by County Court, in light of the fact that defendant resolved a petty dispute by engaging in vicious acts that jeopardized the victim's life, was not harsh or excessive. We have considered the contention advanced by defendant in his pro se supplemental brief and find it to be without merit.

Peters, P.J., McCarthy, Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court