■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES COWARD, Appellant. [29 NYS3d 531]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Kase, J.), rendered May 4, 2005, convicting him of burglary in the second degree, criminal contempt in the first degree (four counts), resisting arrest, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's argument that the judgment should be reversed because a portion of the voir dire proceedings was not transcribed is without merit. " 'Although we agree that verbatim recordation of the trial proceedings is the better practice, unless waived, the case law makes clear that the absence of a stenographic record does not, per se, require reversal of a defendant's conviction' " (*People v Chappelle*, 126 AD3d 1127, 1128 [2015], quoting *People v Jenkins*, 90 AD3d 1326, 1329 [2011]; *see People v Harrison*, 85 NY2d 794, 796 [1995]; *People v Asencia*, 280 AD2d 678 [2001]). " 'Rather, a defendant must show that a request was made that the voir dire proceedings be recorded, the request was denied, and the failure to record the proceedings prejudiced him or her in some manner' " (*People v Jenkins*, 90 AD3d at 1329, quoting *People v Lane*, 241 AD2d 763, 763 [1997]; *see People v Chappelle*, 126 AD3d at 1128; *People v Asencia*, 280 AD2d at 679). Here, although the Supreme Court's questioning of the prospective jurors was stenographically recorded, the attorneys' ensuing

questioning was not. The defendant, however, did not show that he made a request for the continuing voir dire to be recorded, that the Supreme Court denied a request made by him, or that the failure to record the proceedings prejudiced him (*see People v Chappelle*, 126 AD3d at 1128; *People v Asencia*, 280 AD2d 678 [2001]; *People v Eddins*, 247 AD2d 548 [1998]). In addition, the defendant never asked for a reconstruction hearing (*see People v Glass*, 43 NY2d 283 [1977]; *People v Asencia*, 280 AD2d at 678).

Contrary to the defendant's contention, the sentencing minutes show that the Supreme Court pronounced sentence on each count of the indictment, as required by CPL 380.20 (*see People v Forbes*, 248 AD2d 552 [1998]; *cf. People v White*, 72 AD3d 993 [2010]; *People v Robinson*, 69 AD3d 885 [2010]; *People v Battle*, 305 AD2d 515 [2003]). Hall, J.P., Roman, LaSalle and Barros, JJ., concur.