Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  December 1, 2016          105988
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

            v                           MEMORANDUM AND ORDER

KEITH R. POTTORFF,
                    Appellant.
_____


Calendar Date:  October 11, 2016

Before:  Peters, P.J., Lynch, Devine, Clark and Aarons, JJ.

                    _____


        Patrick A. Perfetti, Cortland, for appellant.

        Mark D. Suben, District Attorney, Cortland, for respondent.

                    _____


Devine, J.

        Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered April 18, 2013, upon a verdict convicting defendant of the crimes of murder in the second degree, criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree, forgery in the second degree and criminal possession of a forged instrument in the second degree.

        Defendant and the victim were married and, on the afternoon of July 17, 2012, he picked the victim up from work and took her home.  Defendant had recently resumed using crack cocaine, and he acknowledged that the two had argued that afternoon about his drug use and his stated goal of attending a music festival later that week.  He left the residence by 7:00 p.m. and, over the course of the next few days, purchased various items and attended

the music festival with money he obtained using the victim's debit card and checks written against her checking account.

The victim, meanwhile, was nowhere to be found.  Defendant called her employer and reported that she was sick on July 18 and 19, 2012, even though she was not scheduled to work on the latter day.  The victim's coworkers became suspicious and contacted the State Police, who located defendant on July 20, 2012 at the music festival and recovered pieces of the victim's jewelry, her debit card and her checkbook from his campsite.  Defendant consented to a search of the marital residence, which occurred later that day and resulted in the discovery of the victim's corpse, hogtied and head enclosed by plastic bags, in a nearby shed.  The autopsy conducted the next day revealed that the victim had been asphyxiated and, given the condition of the body, the examining pathologist opined that she had died no later than July 18, 2012. Genetic material consistent with defendant's DNA was also found underneath the victim's fingernails and on a rope used to bind her.

As a result of the victim's death and subsequent misuse of her assets, defendant was charged in an indictment with murder in the second degree, criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree, forgery in the second degree and criminal possession of a forged instrument in the second degree. Defendant was found guilty as charged following a jury trial. County Court sentenced defendant, a second felony offender, to an aggregate prison term of 28½ years to life, and he now appeals.

We affirm.  As an initial matter, County Court properly permitted the People to re-open their direct examination of a witness.  The People had completed that direct examination and the court took a short recess.  Upon returning, the People asked the court if they could briefly resume their direct examination in order to elicit a factual detail that the witness realized he had forgotten during the break.  Defense counsel did not object to this request and, in any event, it was not an abuse of discretion to allow it (see People v Whipple, 97 NY2d 1, 7-8 [2001]; People v Diehl, 128 AD3d 1409, 1410 [2015]).

Defendant devotes considerable attention to the claim that he was deprived of his right to the effective assistance of counsel but, "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (People v Baldi, 54 NY2d 137, 147 [1981]; accord People v King, 27 NY3d 147, 158 [2016]). The burden rests on defendant to show that any alleged failure by defense counsel lacked a "strategic or other legitimate explanation[]" at the time it occurred, and speculation on that score will not suffice (People v Nicholson, 26 NY3d 813, 831 [2016]; see People v Welch, 137 AD3d 1313, 1314 [2016], lv denied 27 NY3d 1141 [2016]).

Defendant first complains that defense counsel failed to object when a portion of voir dire was not transcribed, but only speculates as to how this failure may have led to "any prejudicial impact on the trial" (People v Chappelle, 126 AD3d 1127, 1129 [2015], lv denied 25 NY3d 1161 [2015]; see People v Vaughn, 135 AD3d 1158, 1159-1160 [2016], lv denied 27 NY2d 1076 [2016]). Likewise, defendant was not prejudiced by defense counsel's failure to object to the use of purportedly confusing warnings given by County Court that mirrored the criminal jury instruction on the use of evidence of prior bad acts (see People v Ellis, 81 NY2d 854, 857 [1993]; CJI2d[NY] Evidence of Other Crimes [Molineux]).[1] Defendant further failed to demonstrate that a legitimate explanation was absent for other alleged errors, such as defense counsel's decision not to retain an expert witness to challenge the DNA test results presented by the People (see People v Ross, 118 AD3d 1413, 1416 [2014], lvs denied 24 NY3d 960, 964 [2014]) and failure to object to the People's alleged penchant for asking leading questions and eliciting hearsay evidence from witnesses (see People v Madison, 106 AD3d 1490, 1491-1492 [2013]; People v Leary, 145 AD2d 732,

---

[1] Contrary to defendant's contention, County Court did not issue these warnings sua sponte. The record demonstrates that County Court had provided both the People and defense counsel with the proposed instruction and that defense counsel consented to its use.

734-735 [1988], lv denied 73 NY2d 1017 [1989]).  There was also no apparent reason to conduct a probing cross-examination of several prosecution witnesses, and the attempt by defendant to second-guess defense counsel's decision not to do so is unpersuasive (see People v Flores, 84 NY2d 184, 187 [1994]; People v Cancer, 16 AD3d 835, 840 [2005], lv denied 5 NY3d 826 [2005]).  Defendant advances other instances in which he supposedly received ineffective assistance of counsel but, in short, the record as a whole establishes that he received meaningful representation.

Defendant lastly argues that the aggregate sentence was improper, harsh and excessive.  County Court was free to make the sentences for defendant's forgery in the second degree and criminal possession of a forged instrument in the second degree convictions run consecutively to those imposed on his other convictions as, "[e]ven though the crimes may be the result of a continuous course of events, they involved separate and distinct acts" (People v Jenkins, 256 AD2d 735, 737 [1998], lv denied 93 NY2d 854 [1999]; see People v Salcedo, 92 NY2d 1019, 1021-1022 [1998]; People v Morrison, 290 AD2d 808, 809-810 [2002], lv denied 98 NY2d 653 [2002]).  Moreover, after considering the nature of the present offenses and defendant's criminal history, we see neither an abuse of discretion in the lengthy aggregate prison sentence imposed by County Court nor any extraordinary circumstances that would warrant its reduction.

Peters, P.J., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court