The People of the State of New York, Respondent,
against
Jamal Rennie, Appellant.




New York City Legal Aid Society (Adrienne Gantt of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Victor Barall of counsel), for respondent.

Appeal by defendant, as limited by his brief, from a sentence of the Criminal Court of the City of New York, Kings County (Matthew A. Sciarrino, Jr., J.), imposed November 23, 2015, upon his conviction of criminal possession of a controlled substance in the seventh degree, upon his plea of guilty.




ORDERED that the sentence is affirmed.
Defendant was charged in an accusatory instrument with criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), failing to signal a lane change (Vehicle and Traffic Law § 1163 [d]), and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). Subsequently, the People dismissed the felony charge of criminal possession of a controlled substance in the third degree, and defendant pleaded guilty to criminal possession of a controlled substance in the seventh degree in satisfaction of the remainder of the accusatory instrument. Defendant was sentenced to 10 days' imprisonment and a six-month driver's license suspension. On appeal, defendant contends that the court failed to pronounce sentence, in violation of its obligation to do so under CPL 380.20. 
Contrary to defendant's contention, the sentencing minutes establish that the court pronounced a sentence, as required by CPL 380.20, of 10 days' imprisonment and a six-month driver's license suspension upon defendant's conviction of criminal possession of a controlled substance in the seventh degree, in accordance with the terms of defendant's plea agreement (see People v Coward, 138 AD3d 886 [2016]; People v Stepteau, 261 AD2d 207 [1999]; People v Forbes, 248 AD2d 552 [1998]).
Accordingly, the sentence is affirmed.
PESCE, P.J., and ALIOTTA, J., concur.
WESTON, J., dissents and votes to reverse the judgment of conviction and dismiss the accusatory instrument in the following memorandum:
I disagree with the majority's decision that the sentencing minutes establish that the court pronounced a sentence. Accordingly, I respectfully dissent.
CPL 380.30 (1) provides, in relevant part, that a "[s]entence must be pronounced without unreasonable delay." Where, as here, no presentence report or fingerprint report is required, the court must, upon entering the conviction, "[p]ronounce sentence on the date the conviction is entered" (CPL 380.30 [2] [c]). A defendant is entitled to have his sentence pronounced in open court in his presence (see People v Lingle, 16 NY3d 621 [2011]). 
Here, no such pronouncement was made. Although the Criminal Court noted prior to the allocution that the offer was 10 days, that sentence was never imposed after defendant entered his plea. Instead, the court, in pronouncing its sentence, never completed the process, stating only that the
"[p]lea of guilty is accepted by the court. Sentence of the court and as a matter of operation of law your privilege to drive is automatically suspended for a period of six months." Nowhere in the court's imposition of the sentence does it mention 10 days' imprisonment. Since the promised 10-day sentence was never imposed by the court after the plea was accepted, the matter should be remitted to the Criminal Court for resentencing in accordance with the terms of the plea agreement (see People v White, 72 AD3d 993 [2010]).[FN1]
However, in this case, defendant has already served his 10-day sentence, rendering a remittal academic. In these circumstances, since no purpose, penological or otherwise, would be served by remitting the matter, I would reverse the judgment of conviction and dismiss the accusatory instrument, as a matter of discretion in the interest of justice (see People v Barnes, 46 Misc 3d 137[A], 2015 NY Slip Op 50034[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).

ENTER:

Paul Kenny

Chief Clerk

Decision Date: May 10, 2019



Footnotes

Footnote 1: To the extent defendant claims that the court's failure to pronounce his sentence constituted an unreasonable delay in sentencing, divesting the court of jurisdiction, I disagree. Here, the delay was due to the pending appellate proceedings, and not judicial or prosecutorial negligence (cf. People v Drake, 61 NY2d 359, 366 [1984]). Moreover, since defendant already served his sentence, the underlying interests in requiring prompt sentencing are not involved.